# EXHIBIT B

UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

1199SEIU, UNITED HEALTHCARE
WORKERS EAST,

               Plaintiff,

v.

RITE AID CORPORATION, *et al*

               Defendants.

---------------------------------------------------------X

## <u>DECLARATION OF NIELS HANSEN</u>

I, Niels Hansen, am over eighteen (18) years of age, and am competent to testify about and have personal knowledge with regard to matters set forth herein.

1.     I am the Director of Labor Relations and Labor Counsel for Rite Aid.  I have held this position for 4 years.  I am responsible for contract negotiations, grievances, arbitrations, and NLRB proceedings and matters.

2.     In late summer 2006, Rite Aid and Jean Coutu Group (PJC) Inc. announced a pending agreement wherein Rite Aid would purchase 1,854 Brooks and Eckerd drug stores and six distribution centers from Coutu.  In the New York City, Hudson Valley, and Northern New Jersey region, the purchase involved approximately 3,500 employees and approximately 180 stores.

3.     On April 12, 2007, Ms. Vallone left me a voice mail message at my office.  Ms. Vallone stated that she had heard that Brooks and Eckerd was having a managers' meeting related to union

activity.  The message, which I had transcribed is attached hereto as Exhibit 1.

5.  Prior to the deal closing on June 4, 2007, Rite Aid did not have any control over labor relations at the Brooks and Eckerd stores.   I did not issue any instructions to or have any discussions regarding the Union with Brooks and Eckerd store managers, district managers, pharmacy district managers or store employees prior to June 4, 2007, the date upon which Rite Aid's acquisition was complete.

6.   I have never been in Mellville, New York, and I did not conduct a meeting with Eckerd store managers at Eckerd headquarters or anywhere else on April 20th or any other day.  On April 20, 2007, Ms. Vallone called me directly at my office at Rite Aid's headquarters in Camp Hill, Pennsylvania, to discuss an issue concerning a dispute union representative Mone Purcell was having with a Rite Aid Store Manager in Jersey City, New Jersey.

7.   The Union published on its web site a press release dated May 10, 2007, which  (1) introduces the Brooks and Eckerd employees to the union, and (2) indicates that when Rite Aid takes over the Brooks and Eckerd stores, Brooks/Eckerd employees would "have the legal right to enjoy the same contract, benefits, protections and resources that the Rite-Aid corporation provides to other 1199SEIU employees," and that "[t]he Rite-Aid corporation has a legal obligation to ensure that Brooks and Eckerd workers have the same advantages as other 1199SEIU members."  A copy of the 1199SEIU web page is attached as Exhibit 2.

8.   Linked to the press release was a pamphlet in which 1199SEIU welcomed Brooks and Eckerd

Initials _____

employees. A copy of this pamphlet is attached as Exhibit 3.

9.      At no time has the Union demonstrated or offered to demonstrate to Rite Aid that it represents a majority of any group of the former Brooks and Eckerd employees. I have never agreed to neutrality with respect to the Brooks and Eckerd stores.

10.     On or about June 1, 2007, I received a facsimile including a letter from Levy Ratner, P.C., through Dan Ratner, 1199SEIU's General Counsel, filing for the arbitration with the American *Arbitration* Association for Rite Aid's "Failing to apply contract to newly acquired stores and enjoining anti-union campaigns." A copy of the letter is attached as Exhibit 4.

11.     On the same date, I received a facsimile letter from Ms. Vallone. A copy of that letter is attached as Exhibit 5.

12.     On June 4, 2007, Rite Aid completed the purchase from Coutu of Brooks and Eckerd drug stores and six distribution centers.

13.     By letter dated June 5, 2007, I responded to Ms. Vallone's letter, explaining that that the Union's demand for arbitration is "illegal and inappropriate" because the Union was seeking enforcement of an illegal term of the Agreement. A copy of my letter to Ms. Vallone is attached as Exhibit 6. I also informed the Union that Rite Aid had filed an unfair labor practice charge with the National Labor Relations Board ("NLRB").

3

Initials

14.     On June 5, 2007, Rite Aid filed a charge with the National Labor Relations Board alleging that the Union's demand for automatic application of the CBA, its campaign statements to its employees that the CBA would automatically apply to them, and its demand that Rite Aid arbitrate, all violated various sections of the National Labor Relations Act (NLRA).  A copy of the NLRB charge is attached as Exhibit 7.

15.     On June 7, 2007, Rite Aid filed a second unfair labor practice charge against the Union with the National Labor Relations Board, in which it alleged that the Union's filing of the instant lawsuit, in furtherance of its efforts to apply the terms of the Contract to Brooks and Eckerd employees who had not designated the Union as their exclusive bargaining representative, also violated the NLRA.  A copy of the second NLRB charge is attached as Exhibit 8.

16.     The National Labor Relations Board, through its Region 2, located in Manhattan, New York, is presently investigating the unfair labor practice charges.

I HEREBY SOLEMNLY DECLARE AND AFFIRM under penalty of perjury that the foregoing facts set forth in this Declaration are true and correct to the best of my knowledge, information, and belief.

_____          _____
Date                                              Niels E. Hansen

NOTARIAL SEAL
JUSTIN B OWENS
Notary Public
EAST PENNSBORO TWP, CUMBERLAND COUNTY
My Commission Expires Oct 6, 2010

4

Initials _____

# EXHIBIT 1



**Rite Aid**
Labor Relations Dept.
30 Hunter Lane
Camp Hill, PA 17011
Phone (717) 972-3904
Fax (717) 975-5945

# Memorandum

**TO:**        Todd McCarty, Senior Vice President of Human Resources

**FROM:**    Niels Hansen, Director Labor Relations and Labor Counsel

**SUBJECT:**  Laurie Vallone Voicemail Message – April 12, 2007

**DATE:**      April 13, 2007

---

I received a voicemail from Laurie Vallone, SEIU 1199 Vice President – Pharmacy, on April 12, 2007. I have had its contents transcribed below.

> *"Hi, Niels. It's Laurie.*
>
> *Listen! I heard something that's very disturbing.*
>
> *Um, a good source told me that Eckerd's is having a managers' meeting, um, next week and the subject of this managers' meeting – a foil meeting, might I add – um, appears to alert anyone to union activity.*
>
> *This disturbs me very much because all the stores are going to be Rite Aid and, of course, they will be union, so if we hear any union animus out there, um, we're gonna let the dogs out and I don't wanna hear that.*
>
> *So, get back to me because, um, I know I'm not wrong with this. But, I know that Rite Aid is in touch with Eckerd management and right at the store level, so if you're aware of this stuff, then, you'd better put the stops on it.*
>
> *Alright, um, you can reach me on my cell; you know the number, 917-961-3839. Thanks, ok."*

EXHIBIT

1

# EXHIBIT 2

NEWS CENTER    MAY 10, 2007

# 1199er's Introduce New Pharmacy Chain Workers To Union

The 1199SEIU Pharmacy Division is growing stronger. On April 30 and May 1, 1199ers waged a successful two-day campaign, talking to several hundred Brooks and Eckerd Pharmacy chain workers in 14 NJ and NY counties, throughout New York City, Long Island, and north through the Hudson Valley and Albany area.

"We wanted to meet the workers and let them know that when the Federal Trade Commission (FTC) gives its approval, the Rite Aid corporation will be taking over these Eckerd and Brooks drugstores," said former drugstore worker and Pharmacy Division Vice-President Laurie Vallone. "That means the workers will have the legal right to enjoy the same contract, benefits, protections and resources that the Rite-Aid corporation provides to other 1199SEIU employees."

» 1199SEIU Welcome Pamphlet

The current Rite-Aid contract, a legally binding collective bargaining agreement, includes the best wages, benefits and workers' rights of any drugstore chain in the country. The Rite-Aid corporation has a legal obligation to ensure that Brooks and Eckerd workers have the same advantages as other 1199SEIU members.

The 1199SEIU Pharmacy Division includes 6,500 pharmacists, pharmacy techs, front end workers, cashiers and shift supervisors.1199 started in 1932 as a union of pharmacists and has a long history of upholding the highest professional practices and standards in the industry.

For more information call 1-877-890-1199

» Return to News Center

EXHIBIT

2

# EXHIBIT 3



EXHIBIT

3

bbbles.

## Who We Are

1199 started out as a union of pharmacists—and today is America's oldest pharmacy union. We are more than 6,500 pharmacists, pharmacy techs, front-end workers, cashiers and shift supervisors who work in retail drugstores like Rite-Aid and Pathmark. We also have members at HIP and many who work in hospital pharmacies across the metropolitan area. Our newest members will be you, thousands of Eckerd and Brooks employees whose drug stores will soon become Rite-Aid.

## Professional Standards

1199 pharmacists are committed to upholding the highest professional practices and standards in the industry. Our union

has a "Professional and Technical Department," which focuses specifically on issues that are important to pharmacists and other healthcare professionals. In fact, we have a "Pharmacy Committee" that is made up of retail and hospital pharmacists, together. Our committee runs excellent continuing education seminars that are nationally accredited. The committee also prioritizes what the union's legislative agenda should be and tracks key trends in the industry. If you are interested in receiving THE MONITOR, the newsletter for 1199 professionals, go to our website, learn more and sign up today.

Don't forget! If you have any questions at all, call us toll free at **877-890-1199**. Check out our website at **www.1199SEIU.org**

# Welcome
## All Eckerd and Brooks Employees!



You will soon have a legal right to enjoy the same benefits, advantages and job security as thousands of 1199 pharmacy chain members in the Greater New York and New Jersey metropolitan area. This booklet has been created for you to have the information you need regarding what it means to be an 1199SEIU member—for you and your family.

And if you have any questions, just call us at our toll free number: We'll answer your questions and send you all the information you need.

Call us!

877-890-1199

ARTICLE 1
COVERAGE

This Agreement shall be binding upon the Union, the Employer and its successors and assigns, but shall apply only to those drug stores operated by said Employer, and to which the Employer directly or indirectly transfers or assumes all 50% or more its existing control, in the City of New York, and the New York Counties of Nassau, Suffolk, Westchester, Orange, Putnam, Ulster, Dutchess, Sullivan, and Rockland, and the City of the Cities of Edison, Perth Amboy, Carteret and Woodbridge in Middlesex County, New Jersey, regardless of the issue or whether the drug store is operated individually or as a presently or corporation.

## Union Dues

All 1199 members pay dues. After all, it's OUR organization and our dues keep it running — for the benefit of all of us. We pay our dues on a sliding scale and no one ever pays more than $75. Former Eckerd and Brooks employees will automatically be 1199SEIU members, but will not pay any dues until all your contract issues are addressed, settled and signed by the negotiating committee and the employer. Furthermore, there will be no initiation fees for Eckerd and Brooks employees. *Are dues worth it? There's no question about it — yes!*





When you add up the savings you get with no out-of-pocket health care costs, free education and training opportunities, holidays, vacation and sick days, an employer-paid guaranteed pension, child care benefits and job security, it more than justifies the amount of union dues we pay.

"We've worked at places where we didn't have a union and didn't pay dues. And it showed, because we didn't have good wages and benefits either. And we had no say on the job. Union dues are well worth the advantages we have today as 1199 members."

## Questions & Answers

Q. How did I become an 1199 member?

A. When the Federal Trade Commission (FTC) in Washington, DC gives its approval, the Rite Aid corporation will take over your store and hundreds of others in New York and New Jersey. Your store will eventually have a Rite Aid sign. And you'll too be part of our 1199 family.

Q. So what does that mean?

A. It means that you will have the same contract, benefits and other advantages that the Rite Aid corporation provides to other 1199 employees. Our legally binding contract (collective bargaining agreement) includes the best wages, benefits and workers' rights in the country. The Rite Aid corporation has a legal obligation to ensure that you enjoy all of these same advantages.

Q. How do I know that's true?

A. Call us toll free at 877-890-1199 and we'll send you a copy of the contract signed by the Rite Aid company!

Q. What are my rights?

A. You have a legal right to have a union under federal law and your manager knows that. Most managers will follow the law. If there's a problem, call us at 877-890-1199 and we'll take it from there.

Q. How will this all work? Will I have a say in any of this?

A. All 1199 members have a say and management must, by law, listen. You and your co-workers, store by store, will elect a committee who will sit down with the union's assistance and negotiate with Rite Aid. This 1199 committee will ensure that

- **You have what you deserve;**
- **You maintain the good things you already have on the job;**
- **You improve the things that need improvement.**

## OTHER 1199 BENEFITS

- Excellent holiday, vacation and sick benefits. And we get paid for our unused sick days!
- Management doesn't have the last word if there's a problem. We have a process, assisted by the union, and we have a say in how things are resolved.
- A legally binding contract that makes sure we are treated fairly.

**Does all this sound too good to be true?** That's understandable, because we are talking about some of the best wages and benefits in the country. But, if you want to find out for yourself, just stop by any Rite Aid store in your neighborhood—or anywhere in the metropolitan area. And the Rite Aid 1199 members there will be glad to answer all your questions and tell you about their experiences. You also can call us for free at **877-890-1199** and we'll answer your questions and send you important materials. **How did Rite Aid employees get all this?** Thanks to the union, every 3-4 years we have a right to sit down with management and tell them what we need to improve our lives (like raises and cost of living increases, for instance). We also tell them what policies aren't working. This is our right as union members. 1199 has a long history of being the most democratic union in the country. That means that the folks who will actually bargain your contract are elected by you! It can even be you!

"**O**ur 1199 Child Care Fund makes it possible to go to work and feel secure that our kids are in a good child care program that's paid for! And there's even camp in the summer."



"I'll have healthcare benefits in addition to Medicare when I retire."




"I'm taking college classes and the union is paying for my education. I have a chance to move on up that I wouldn't otherwise have."



"I have job security. That's so important to me and my family. And my seniority counts!"



"**W**e have the highest wages for pharmacists in the country, a guaranteed pension—and our benefits will carry over into our retirement."

"I have no-cost health benefits for my entire family—no premiums or co-pays. There are no out-of-pocket costs to us. And that includes prescriptions, vision and dental benefits too!"

"I have a pension I can count on. And if I go to work at another Rite-Aid store, I can take that pension plan—and all my other benefits with me."





# EXHIBIT 4

# LEVY RATNER, P.C.

Attorneys at Law
80 Eighth Avenue
New York, New York 10011-5126

Telephone (212) 627-8100
Telecopier (212) 627-8182

Richard A. Levy
Daniel J. Ratner
Daniel Engelstein
Gwynne A. Wilcox
Pamela Jeffrey
Owen M. Rumelt
Kevin Finnegan
Carl J. Levine
David Slutsky
Allyson L. Belovin
Suzanne Hepner

Ezekiel D. Cardero
César F. Rosado
Dana E. Lossia
Sara D. Newman
Brian J. Cameron

Senior Counsel
Richard Dorn
Jennifer J. Middleton
Paul Schachter
Denise Reinhardt

Counsel:
Anthony DiCaprio
Michael Steven Smith
David P. Horowitz

May 31, 2007



## BY FACSIMILE AND
## FIRST CLASS MAIL

Ms. Mariana Tipizhanay
Case Administrator
American Arbitration Association
1633 Broadway, 10th Floor
New York, NY 10019

> Re:   1199SEIU and Rite Aid Corporation
>        (Failing to apply contract to newly acquired
>        stores and enjoining anti-Union campaigns)

Dear Ms. Tinizhanay:

A dispute has arisen between our client, 1199SEIU United Healthcare Workers East, located at 310 West 43rd Street, New York, NY 10036 and Rite Aid Corporation, P.O. Box 3165, Harrisburg, PA 17105.

The dispute involves violations of the CBA, by stating its intention to not apply the CBA to newly-acquired stores that would result from a pending merger and implementing an anti-union campaign in conjunction with the to-be-merged company. The Union seeks, inter alia, compliance with the contract, declaratory award interpreting the "Coverage" clause of the CBA, an order enjoining the Employer from further engaging in anti-union campaign activities and to have the grievants and Union made whole in every way. I have enclosed the letter dated May 31, 2007 to Niels Hansen, Rite Aid Corporation from Laurie Vallone, 1199 Vice President, that more fully details the dispute between the parties.

Will you, therefore, in accordance with the terms of the collective bargaining agreement between the parties, designate an arbitrator to hear and determine this dispute. By the enclosed letter, the Union requests that the Employer agree to an expedited hearing.

EXHIBIT

tabbies

4

{WorldoxFiles\11029123\02\07203S384.DOC}
* Admitted in NY, MA and DC  * Admitted in NY, NJ and PA   * Admitted in NY and DC   * Admitted in NY and NJ   * Admitted in NY and CT
* Admitted in NY and CA  * Admitted in NY and PR  * Admitted in NY, NJ and CA   * Admitted in NJ only   * Admitted in NY, NJ and PR   † Admitted in NY and MA

LEVY RATNER, P.C.

      Ms. Mariana Tinizhanay
      May 31, 2007
      Page 2

      Please send all original correspondence and notices to the Legal Department of
1199SEIU United Healthcare Workers East, 310 West 43rd Street, New York, NY 10036.

                        Very truly yours,

                        Daniel J. Ratner,
                        General Counsel for
                        1199SEIU

Enclosure
cc:   Rite Aid Corporation
      Attn: Niels Hansen
      Michael Rifkin
      Laurie Vallone
      Legal Department

{Worldux Files\1199\123\02\07035384.DOC}

# EXHIBIT 5

03/31/07  18:50 FAX 212 627 8947        LEVY RATNER PC                              ☒002



PRESIDENT
Dennis Rivera

SECRETARY TREASURER
George Gresham

EXECUTIVE VICE-PRESIDENTS
Norma Amsterdam
Yvonne Armstrong
Marshall Blake
Maria Castaneda*
Jennifer Cunningham*
Mike Fadel*
Aida Garcia
Betty Hughley
Eustace Jarrett
Steven Kramer
Patrick Lindsay*
John Reid
Bruce Richard
Mike Rifkin
Jay Sackman

VICE-PRESIDENTS AT LARGE
Mark Bergen
Lenora Colbert
Patrick Gaspard
Pearl Granat
Robert Moore**
Barbara Rosenthal
Neva Shillingford
Minerva Solla
Celia Wcislo**

VICE-PRESIDENTS
Maryann Allen
Denise Allegretti
Jacqueline Alleyne
Peggy Bachman*
Hassan Bilal*
Court Bonthius
Carolyn Brooks
Lisa Brown
Gerard Cadet
Donald Crosswell
Al Davidoff*
Armeta Dixon*
Angela Doyle
Enid Eckstein*
Jerry Fishbein*
Frances Gentle
Larry Ginsburg*
Brenda Hartley*
Michelle Healy*
Anne Jacobs-Moultrie
Keith Joseph
George Kennedy
Maria Kercado
Rosa Lomuscio*
Winslow Luna*
Coraminita Mahr
Dalton Mayfield
Joanne McCarthy
Joyce Neil
Gerard Nordenberg
Isaac Nortey
Elsie Otero*
Vasper Phillips
Bruce Popper
Anne Powe
Rhadames Rivera
John Seales
Rona Shapiro
Allan Sherman
Patricia Smith
Greg Speller
Clare Thompson
Kathy Tucker
Nelson Valdez
Laurie Vallone
Mary Whitten
Gladys Wrenick*

GENERAL COUNSEL
Daniel J. Ratner, Esq.

CHIEF FINANCIAL OFFICER
Louise Bayer

* Acting
** Acting Assistant
Division Director

**1199SEIU**
United Healthcare Workers East

EXHIBIT
5

May 31, 2007

Niels Hanson, Labor Relations Director
Rite Aid Corporation
P.O. Box 3165
Harrisburg, PA 17105

Re:     Demand for Arbitration

Dear Mr. Hansen:

I am writing on behalf of 11999SEIU, United Healthcare Workers East ("1199" or "Union") to demand arbitration with Rite Aid Corporation ("Rite Aid") over its breach and threatened breach of the parties' collective bargaining agreement ("CBA") including "Coverage," as applied to Eckerd/Brooks stores that will be acquired by Rite Aid pursuant to the merger agreement currently pending before the Federal Trade Commission.

On or about May 10, 2007, Dennis Rivera, 1199 President, initiated a telephone call with Mary Sammons, President and CEO of Rite Aid, in which he protested Rite Aid's stated intentions not to apply the CBA in the to-be-acquired Eckerd/Brooks stores as well as the anti-union campaign that Rite Aid and Eckerd/Brooks had jointly launched. Ms. Sammons proposed that further discussions regarding this dispute would take place between representatives of both parties.

This dispute was further discussed at a meeting between Todd McCarty Senior Vice President of Human Resources for Rite Aid, and Michael Rifkin, 1199 Executive Vice President, which took place on or about Thursday, May 24, 2007. At that meeting Mr. McCarty informed Mr. Rifkin that the current business model for the newly acquired Eckerd/Brooks stores is "union-free" and that Rite Aid intended to maintain that business model. Mr. McCarty also confirmed that an anti-union campaign was underway, targeting workers in the Eckerd/Brooks stores. Mr. Rifkin reiterated that this conduct constituted a direct violation of the CBA.

All substantive requirements under the grievance procedure outlined in Article 31 of the CBA have been satisfied. This dispute is clearly encompassed under the Grievance and Arbitration provision, which states, "[a]ll complaints or dispute arising between the Union and the Employer under or out of this Agreement, or any breach or threatened breach of this Agreement" are subject to that procedure. Moreover, while the grievance procedure provides for exchange between lower level Union and Management representatives, such exchanges would be meaningless as those individuals have no authority to adjust the dispute. Indeed, this dispute remains unresolved following discussions between the highest level Union and Rite Aid representatives. Any discussion among representatives with lesser authority would

NEW YORK CITY
PRINCIPAL
HEADQUARTERS
310 West 43rd St.
New York, NY 10036
(212) 582-1890
www.1199seiu.org

ALBANY
155 Washington Ave.
Albany, NY 12210
(518) 396-2300

{Worldox KINGSTON\123\02\07035199.DOC}

55 Crown Street
Kingston, NY 12401
(845) 339-1900

BALTIMORE
611 North Eutaw Street
Baltimore, MD 21201
(410) 332-1199

ROCHESTER
259 W. Broad St., Ste. B
Rochester, NY 14608
(585) 244-0830

BOSTON
21 Fellows Street
Roxbury, MA 02119
(617) 442-4100

SYRACUSE
404 Oak St., Suite 120
Syracuse, NY 13217
(315) 424-1743

BUFFALO
974 Kenmore Ave
Buffalo , NY 14216
(716) 982-0540

UNIONDALE
50 Charles Lindbergh, Ste. 602
Uniondale, NY 11553
(516) 542-1115

GOUVERNEUR
95 E Main St., 2nd Fl.
Gouverneur, NY 13642
(315) 287-9013

WHITE PLAINS
99 Church St.
White Plains, NY 10601
(914) 993-6700

Neils Hansen, Labor Relations Director
May 31, 2007
Page 2

clearly have been futile.  Accordingly, Article 31 requires arbitration of the dispute at this juncture.

Given the gravity of this dispute and the implications the outcome may have with regards to the pending merger, we request that you agree to an expedited hearing in this matter.

Very Truly Yours,

*Laurie Vallone* (SJc)

Laurie Vallone
Vice President, 1199SEIU


cc:     Mike Rifkin, Executive Vice President, 1199SEIU
        Dennis Rivera, President, 1199SEIU
        George Gresham, Secretary Treasurer, 1199SEIU
        Dan Ratner, Legal Counsel, 1199SEIU


{Worldox Files\1199\123\02\07035199.DOC}

# EXHIBIT 6



**Rite Aid Corporation**

- **MAILING ADDRESS**
  P.O. Box 3165
  Harrisburg, PA 17105
- **GENERAL OFFICE**
  30 Hunter Lane
  Camp Hill, PA 17011
- (717) 761-2633

**NIELS HANSEN**

Director
Labor Relations and
Labor Counsel

June 5, 2007

*VIA FACSIMILE (212-261-2433) AND FIRST CLASS MAIL*

Laurie Vallone
Vice President, 1199SEIU
310 West 43rd Street
New York, NY 10036

RE: Demand for Arbitration

Dear Ms. Vallone:

I write in response to the two recent communications dated May 31, 2007, that were received by this office simultaneously:

1. Your grievance/demand; and

2. A copy of Mr. Ratner's letter to the AAA seeking a hearing and demanding that an arbitrator issue a decision applying our contract, through its after acquired stores language, to the Brooks/Eckerd stores.

Your attempt to apply the current labor contract to the former Brooks/Eckerd associates as of the date of Rite Aid's acquisition, including SEIU 1199's related written and verbal communications to those associates, is illegal and coercive of the rights of Brooks/Eckerd associates to choose for themselves whether they wish to have you represent them. You have not proven through an NLRB election that you, in fact, represent any of these associates, much less a majority of them, in any appropriate bargaining unit.

Similarly, your demand for arbitration is also illegal and inappropriate because, among other things, you are seeking enforcement of an illegal term of the Agreement, and you are demanding an award that is illegal. Simply put, this matter is not arbitrable.

EXHIBIT

6

*Niels Hansen*
*TEL: 717.972.3904*
*FAX: 717.975.5945*
*nhansen@riteaid.com*

*Laurie Vallone, SEIU Local 1199*
*RE: Demand for Arbitration*
*June 5, 2006*
*Page 2 of 2*

In order to protect our new associates' rights, we have filed an Unfair Labor Practice charge with the NLRB. I have enclosed a copy for your reference.

Your actions raise significant issues given the considerable change in our Company's recent circumstances. The tactics that both you and your Union have engaged in and *threatened* to engage in demonstrate much more than a failure to agree on legal issues. SEIU Local 1199 has shown it has complete disregard for the significant favorable benefits it has received from its long-standing relationship with Rite Aid.

In light of all of this, and our desire to maintain a good working relationship, I would ask you to reconsider your decision to attempt to force application of our contract to these new stores.

Please contact me if you have questions.

Sincerely,

Niels Hansen
Director, Labor Relations and Labor Counsel

NEH/tb

cc:    Dennis Rivera, President
       Mike Rifkin, Executive Vice President
       Daniel Ratner, Esquire, General Counsel

# EXHIBIT 7

FORM EXEMPT UNDER 44 U.S.C. 3512

INTERNET
FORM NLRB-508
(8-90)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST LABOR ORGANIZATION
OR ITS AGENTS**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 2-CB-21172 | 6/5/07 |

**INSTRUCTIONS:** File an original and 4 copies of this charge and an additional copy for each organization, each local, and each individual named in Item 1 with the NLRB Regional Director of the region in which the alleged unfair labor practice occurred or is occurring.

**1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT**

| a. Name | b. Union Representative to contact |
|---|---|
| 1199SEIU, United Healthcare Workers East | Dennis Rivera, President |

| c. Telephone No. | d. Address (street, city, state and ZIP code) |
|---|---|
| (212) 582-1890 | 310 West 43rd Street, New York, New York 10036 |

e. The above-named organization(s) or its agents has (have) engaged in and is (are) engaging in unfair labor practices within the meaning of section 8(b), subsection(s) (list subsections) (1)(A); (2); and (3) _____ of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Please see attached sheet.

| 3. Name of Employer | 4. Telephone No. |
|---|---|
| The Rite Aid Corporation | (717) 761-2633 |

| 5. Location of plant involved (street, city, state and ZIP code) | 6. Employer representative to contact |
|---|---|
| 30 Hunter Lane, Camp Hill, Pennsylvania 17011 | Niels Hanson, Director, Labor Rel. |

| 7. Type of establishment (factory, mine, wholesaler, etc.) | 8. Identify principal product or service | 9. Number of workers employed |
|---|---|---|
| Retail Store | Pharmacy | Approx. 116,000 |

10. Full name of party filing charge
The Rite Aid Corporation

| 11. Address of party filing charge (street, city, state and ZIP code) | 12. Telephone No. |
|---|---|
| 30 Hunter Lane, Camp Hill, Pennsylvania 17011 | (717) 761-2633 |

**13. DECLARATION**

I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief.

By _____    Stefan Jan Marculewicz, Attorney
(signature of representative of person making charge)    (title or office, if any)

Address  Miles & Stockbridge, P.C., 10 Light Street, Baltimore, MD 21202    (410) 727-6464    June 5, 2007
                                                                         (Telephone No.)    (date)

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U. S. CODE, TITLE 18, SECTION 1001)

**EXHIBIT**

7

SEIU1199, United Healthcare Workers East

Charge Allegations

I.     Since on or about a date six (6) months prior to the filing of this charge, and
continuously thereafter, SEIU1199, a labor organization, by its officers,
agents and representatives (collectively "SEIU1199"), has restrained and
coerced, and is restraining and coercing Rite Aid employees who were
formerly employees of Brooks and Eckerd pharmacies (collectively
"Brooks/Eckerd employees") in the exercise of their rights under Section 7 of
the Act by engaging in a campaign and taking other unlawful action to gain
status as the exclusive bargaining representative of said employees without
permitting them to choose for themselves whether they wish to have
SEIU1199 as their exclusive representative for purposes of collective
bargaining. SEIU1199 has not claimed that Brooks/Eckerd employees have
lawfully designated SEIU1199 as their representative. Examples of coercive
conduct engaged in by SEIU1199 in furtherance of its efforts to achieve such
unlawful ends include, but are not limited to, the following:

   a.   Maintaining a web site on which SEIU1199 states that upon the merger of
Brooks/Eckerd and Rite Aid Corporation, Brooks/Eckerd employees will
automatically become members of SEIU1199 irrespective of whether a
majority of employees in an appropriate unit designate SEIU1199 as their
exclusive bargaining representative.

   b.   Conducting a two-day campaign on April 30 and May 1, 2007 during
which it stated to several hundred Brooks/Eckerd employees in 14 NJ and
NY counties, throughout New York City, Long Island, and north through
the Hudson Valley and Albany area, that it would gain exclusive
representative status over them because the current collective bargaining
agreement between SEIU1199 and Rite Aid would apply to such
employees automatically upon approval of the merger of the Brooks and
Eckerd pharmacies into the Rite Aid Corporation by the US Federal Trade
Commission.

   c.   Soliciting and obtaining signed authorization cards from Brooks/Eckerd
employees under the pretense that the collective bargaining agreement
between Rite Aid and SEIU1199 requires them to become members in
SEIU1199 as a condition of continued employment, and that such
employees have no choice but to sign the cards or they will lose their jobs.

   d.   Engaging in a communications campaign to Brooks/Eckerd employees,
which, among other things, informed and continues to inform such
employees that they are automatically going to become members of
SEIU1199 through an after acquired stores clause in a collective
bargaining agreement between Rite Aid and SEIU1199. Such clause, and

SEIU1199's attempts to enforce it are unlawful, the clause does not require any proof that a majority of Rite Aid employees who are formerly Brooks/Eckerd employees in one or more appropriate units wish to have the SEIU1199 be their exclusive bargaining representative.

e.   Demanding application of the terms of a collective bargaining agreement to the Brooks/Eckerd employees through an after acquired stores clause and without any proof that a majority of Brooks/Eckerd employees in one or more appropriate units wish to have the SEIU1199 be their exclusive bargaining representative. One of the terms of said collective bargaining agreement, if applicable, would require Rite Aid to terminate the employment of any former Brooks/Eckerd employee who after the merger, ceases to be or does not become a member in good standing of SEIU1199 by reason of his failure to pay the initiation fee and periodic dues uniformly required as a condition of acquiring or retaining membership.

f.   Initiating an arbitration proceeding against Rite Aid on or about May 31, 2007 in which SEIU1199 demanded that Rite Aid apply the terms of its current contract to the Brooks/Eckerd employees without proving that it represents a majority of them in an appropriate unit.

g.   Other like and related conduct designed to restrain and coerce Brooks/Eckerd employees and Rite Aid employees in the exercise of their rights under Section 7 of the Act.

II.   Since on or about a date six (6) months prior to the filing of this charge, and continuously thereafter SEIU 1199 has attempted to cause Rite Aid to terminate the employment of and/or discriminate against Brooks/Eckerd employees by seeking to apply the terms of the collective bargaining agreement between Rite Aid and SEIU1199, containing union security provisions that require all employees to maintain their membership in good standing in SEIU1199 and pay periodic dues and initiation fees as a condition of continued employment, to all Brooks/Eckerd employees, notwithstanding the fact that SEIU1199 does not have majority support in any appropriate unit of Brooks/Eckerd employees.

III.   Since on or about a date six (6) months prior to the filing of this charge, and continuously thereafter, SEIU1199 has failed and refused to bargain in good faith with the Rite Aid Corporation, in respect to rates of pay, wages, and hours of employment and other terms and conditions of employment of the employees of said Employer, by engaging in the following conduct:

a.   Seeking to apply an after acquired stores clause to Brooks/Eckerd employees notwithstanding the fact that SEIU1199 does not have majority support in any appropriate unit of Brooks/Eckerd employees.

    b.  Initiation of arbitration proceedings against Rite Aid on or about May 31, 2007 to secure a remedy that violates the Section 7 rights of Brooks/Eckerd employees to choose for them whether they wish to have SEIU1199 as their exclusive representative for purposes of collective bargaining.

Rite Aid respectfully requests that the Board exercise its authority under Section 10(j) of the Act to initiate injunction proceedings to prevent the unfair labor practices being committed by SEIU1199.

# EXHIBIT 8

INTERNET
FORM NLRB-508
(8-90)

FORM EXEMPT UNDER 44 U.S.C. 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
CHARGE AGAINST LABOR ORGANIZATION
OR ITS AGENTS

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 2-CB-21180 | 6/7/07 |

INSTRUCTIONS: File an original and 4 copies of this charge and an additional copy for each organization, each local, and each individual named in Item 1 with the NLRB Regional Director of the region in which the alleged unfair labor practice occurred or is occurring.

### 1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT

| a. Name | b. Union Representative to contact |
|---|---|
| 1199SEIU, United Healthcare Workers East | Dennis Rivera, President |

| c. Telephone No. | d. Address (street, city, state and ZIP code) |
|---|---|
| (212) 582-1890 | 310 West 43rd Street, New York, New York 10036 |

e. The above-named organization(s) or its agents has (have) engaged in and is (are) engaging in unfair labor practices within the meaning of section 8(b), subsection(s) (list subsections) (1)(A); (2); and (3) _____ of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Since on or about June 6, 2007, and continuously thereafter, SEIU1199 United Healthcare Workers East, by and through its officers, agents and representatives has interfered with and restrained, and is interfering with and restraining employees of Rite Aid Corporation and its subsidiaries, in the exercise of their rights guaranteed in Section 7 of the Act by filing and pursuing a lawsuit in the United States District Court for the Southern District of New York to compel an arbitration with the Rite Aid Corporation, through which SEIU1199 seeks to obtain a remedy that is unlawful under the Act, namely, the application of a contract to employees of stores acquired by Rite Aid through its acquisition of the parent of Brooks and Eckerd drug stores without first having proof that it represents a majority of employees in an appropriate unit.

Since on or about June 6, 2007, and continuously thereafter, SEIU1199, has attempted to cause Rite Aid Corporation and its subsidiaries to terminate the employment of employees, by filing a lawsuit to compel an arbitration through which it seeks the application of a contract containing a clause that requires Rite Aid to terminate employees who do not become members of SEIU1199 even though SEIU1199 does not represent a majority of employees in any appropriate unit of employees in Brooks and Eckerd drug stores, in violation of Section 8(a)(3) of the Act.

Since on or about June 6, 2007, and continuously thereafter, SEIU1199, by and through its officers, agents and representatives, has failed and refused to bargain with Rite Aid Corporation and its subsidiaries with respect to rates of pay, wages, hours of employment and other terms and conditions of employment by filing a lawsuit to compel an arbitration through which it seeks to secure a remedy that violates the Section 7 rights of Brooks/Eckerd employees to choose for themselves whether they wish to have SEIU1199 as their exclusive representative for purposes of collective bargaining.

| 3. Name of Employer | 4. Telephone No. |
|---|---|
| Rite Aid Corporation, Rite Aid of New York, Inc. and Rite Aid of New Jersey, Inc. | (717) 761-2633 |

| 5. Location of plant involved (street, city, state and ZIP code) | 6. Employer representative to contact |
|---|---|
| 30 Hunter Lane, Camp Hill, Pennsylvania 17011 | Niels Hanson, Director, Labor Rel. |

| 7. Type of establishment (factory, mine, wholesaler, etc.) | 8. Identify principal product or service | 9. Number of workers employed |
|---|---|---|
| Retail Store | Pharmacy | Approx. 116,000 |

| 10. Full name of party filing charge |
|---|
| The Rite Aid Corporation |

| 11. Address of party filing charge (street, city, state and ZIP code) | 12. Telephone No. |
|---|---|
| 30 Hunter Lane, Camp Hill, Pennsylvania 17011 | (717) 761-2633 |

### 13. DECLARATION

I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief.

By _____ (signature of representative or person making charge)  Stefan Jan Marculewicz, Attorney  (title or office, if any)

Address  Miles & Stockbridge, P.C., 10 Light Street, Baltimore, MD 21202  (410) 727-6464 (Telephone No.)  June 7, 2007 (date)

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U. S. CODE, TITLE 18, SECTION 1001)

EXHIBIT
8