**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
1199SEIU, UNITED HEALTHCARE : 
WORKERS EAST, :
  :
                           Plaintiff, :
  :       07 cv. 04816 (GBD)
         -against- :
  :
RITE AID CORPORATION and :
THE JEAN COUTU GROUP (PJC), INC., :
THE JEAN COUTU GROUP USA, INC., :
d/b/a BROOKS ECKERD DRUG STORES, :
  :
                    Defendants. :
-------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS THE JEAN COUTU GROUP (PJC), INC.  AND THE JEAN COUTU GROUP USA, INC. TO DISMISS COMPLAINT

Defendants, the Jean Coutu Group (PJC), Inc. and the Jean Coutu Group USA, Inc. (collectively referred to as "Coutu" or "the Coutu companies"), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby file collectively this Motion to Dismiss the Complaint for lack of subject matter jurisdiction, and in support thereof, state as follows:

1.　　1199SEIU United Healthcare Workers East ("1199SEIU" or "Union") filed this action under § 301 of the Labor Management Relations Act which is for "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a).  Complaint ¶¶ 1 and 2.

2.　　Coutu is not party to any contract with the Union, and is not alleged to be party to

any contract with the Union.   Complaint ¶¶ 7 – 9.[1]

3.      "'[S]ection 301 does not extend to suits brought against defendants who are not parties to the contract whose breach is alleged.'" Duane Reade v. Allied Trades Council, 2005 U.S.Dist. LEXIS 29690, 04CV3542(BSJ), *14 (S.D.N.Y. October 7, 2005)(quoting Smith v. Hickey, 482 F.Supp. 644, 647 (S.D.N.Y. 1979)); *See also*, Cement and Concrete Workers Dist. Council Welfare Fund v. Atlas Concrete Corp., 2007 U.S.Dist. LEXIS 9817, 04CV0915(CPS), *15 (E.D.N.Y. Feb. 13, 2007).  "In order to state a [LMRA § 301(a)] claim against [defendant] **the complaint must allege that [defendant], was a signatory to the collective bargaining agreement**." *Id.* (quoting Cruz v. Robert abbey, Inc., 778 F.Supp. 605, 610 (E.D.N.Y. 1991)(emphasis added)).

4.      The Union's claim that Coutu is an "employer" within the meaning of the NLRA is not sufficient for § 301 jurisdictional purposes.  The plain language of the statute says it is for "suits for violations of contracts," and there is no contract between Coutu and the Union.  29 U.S.C. § 185(a).

5.      Moreover, the Union, "has the burden of proving, by a preponderance of the evidence, that [Federal subject matter jurisdiction] exists." Cement and Concrete Workers Dist. Council Welfare Fund v. Atlas Concrete Corp., 2007 U.S.Dist. LEXIS 9817, 04CV0915(CPS), *15 (E.D.N.Y. Feb. 13, 2007)(citing Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002)).

6.      The absence of allegations by the Union that it has or had a labor agreement with Coutu establishes that there is no claim against Coutu under § 301.  Absent a § 301 claim, the Union has not invoked this Court's subject matter jurisdiction over the Coutu companies.

---

[1] The most the Union has done to invoke § 301 jurisdiction over the Coutu companies is to allege them to be employers within the meaning of NLRA § 2(2) in an industry affecting commerce within the meaning of NLRA 92(7), 29 U.S.C. § 152(7).  Complaint ¶ 8.  That is not enough.

7.      Moreover, because the Union cannot allege the existence of any contract with the Coutu companies and any attempt to amend the Complaint to add such allegations would be futile, the Complaint as against them should be dismissed with prejudice.

**WHEREFORE**, having established that there is no subject matter jurisdiction over the Coutu companies, they respectfully ask this Court to enter the attached **ORDER** and **GRANT** this Motion to Dismiss and dismiss them from this lawsuit with prejudice.

**WHEREFORE** having shown that the Union has failed to state a claim against the Coutu companies under § 301 of the Labor Management Relations Act (29 U.S.C. § 185), and having shown that the Union has failed to invoke this Court's subject matter jurisdiction, it is respectfully requested that this Court enter the attached **ORDER**, granting the Coutu companies Motion to Dismiss, and **DISMISS** the Union's Complaint against both entities.

Dated: June 15, 2007
      New York, New York

Respectfully submitted,

THOMPSON WIGDOR & GILLY LLP

By: _____
      Scott B. Gilly (SG-6861)

The Empire State Building
350 Fifth Avenue, Suite 5720
New York, New York 10118
Telephone: (212) 239-9292
Facsimile: (212) 239-9001
E-mail: sgilly@twglawyers.com

- and –

Stephen M. Silvestri (*Motion to Admit Pro Hac Vice Pending*)
Stefan J. Marculewicz (*Motion to Admit Pro Hac Vice Pending*)
Laura Pierson-Scheinberg (*Motion to Admit Pro Hac Vice Pending*)
MILES & STOCKBRIDGE, P.C.
10 Light Street
Baltimore, MD 21202
Telephone: (410) 727-6464
Facsimile: (410) 385-3700

Counsel for Defendants

4