# Exhibit A

PRESIDENT
Dennis Rivera

SECRETARY TREASURER
George Gresham

EXECUTIVE VICE-PRESIDENTS
Norma Amsterdam
Yvonne Armstrong
Marshall Blake
Maria Castaneda*
Jennifer Cunningham*
Mike Fadel*
Aida Garcia
Betty Hughley
Eustace Jarrett
Steven Kramer
Patrick Lindsay*
John Reid
Bruce Richard
Mike Rifkin
Jay Sackman

VICE-PRESIDENTS AT LARGE
Mark Bergen
Lenora Colbert
Patrick Gaspard
Pearl Granat
Robert Moore**
Barbara Rosenthal
Neva Shillingford
Minerva Solla
Celia Wcislo**

VICE-PRESIDENTS
Maryann Allen
Denise Allegretti
Jacqueline Alleyne
Peggy Bachman*
Hassan Bilal*
Coert Bonthius
Carolyn Brooks
Lisa Brown
Gerard Cadet
Donald Crosswell
Al Davidoff*
Armeta Dixon*
Angela Doyle
Enid Eckstein*
Jerry Fishbein*
Frances Gentle
Larry Ginsburg*
Brenda Hartley*
Michelle Healy*
Anne Jacobs-Moultrie
Keith Joseph
George Kennedy
Maria Kercado
Rosa Lomuscio*
Winslow Luna*
Coraminita Mahr
Dalton Mayfield
Joanne McCarthy
Joyce Neil
Gerard Nordenberg
Isaac Nortey
Elsie Otero*
Vasper Phillips
Bruce Popper
Anne Powe
Rhadames Rivera
John Seales
Rona Shapiro
Allan Sherman
Patricia Smith
Greg Speller
Clare Thompson
Kathy Tucker
Nelson Valdez
Laurie Vallone
Mary Whitten
Gladys Wrenick*

GENERAL COUNSEL
Daniel J. Ratner, Esq.

CHIEF FINANCIAL OFFICER
Louise Bayer

* Acting
** Acting Assistant
  Division Director

**1199SEIU**
United Healthcare Workers East

April 5, 2007

Mr. Todd McCarty
Senior Vice President of Human Resources
Rite Aid Corporation
P.O. Box 3165
Harrisburg, PA 17105

Dear Todd,

Enclosed is the information we said we would forward. Among the items are documents, which show that in the past Rite Aid has recognized 1199 as representative for pharmacists based on designation card count.

As we have discussed, we urge Rite Aid to follow the historical practice with respect to the New Jersey pharmacists in question. I think it would substantially alter our relationship if Rite Aid were to battle 1199 for representation rights. If we can work out card count recognition, I'm sure we will be able to amicably work out a collective bargaining agreement that meets Rite Aid's concerns. If we gain such representation after a contentious Board election, it will be much harder to convince the pharmacists to incorporate Rite Aid's concerns in their Collective Bargaining Agreement.

Please call me so that we can discuss this matter further. 212-261-2285

Thank you.

Sincerely,

Mike Rifkin
Executive Vice President, 1199SEIU

Cc:     Laurie Vallone, Vice President, 1199SEIU
        Dennis Rivera, President, 1199SEIU
        George Gresham, Secretary Treasurer, 1199SEIU
        Neils Hansen, Rite Aid Labor Relations Director
        Mary Sammons, Rite Aid Chief Executive Officer
        Mitra Behroozi, 1199 National Benefit Fund Director

NEW YORK CITY
PRINCIPAL
HEADQUARTERS
310 West 43rd St.
New York, NY 10036
(212) 582-1890
www.1199seiu.org

ALBANY
155 Washington Ave
Albany, NY 12210
(518) 396-2300

KINGSTON
75 Crown Street
Kingston, NY 12401
(845) 339-1900

BALTIMORE
611 North Eutaw Street
Baltimore, MD 21201
(410) 332-1199

ROCHESTER
225 W. Broad St., Ste. B
Rochester, NY 14608
(585) 244-0830

BOSTON
21 Fellows Street
Roxbury, MA 02119
(617) 442-4100

SYRACUSE
404 Oak St., Suite 120
Syracuse, NY 13217
(315) 424-1743

BUFFALO
974 Kenmore Ave
Buffalo, NY 14216
(716) 982-0540

UNIONDALE
50 Charles Lindbergh, Ste. 602
Uniondale, NY 11553
(516) 542-1115

GOUVERNEUR
95 E Main St., 2nd Fl
Gouverneur, NY 13642
(315) 287-9013

WHITE PLAINS
99 Church St.
White Plains, NY 10601
(914) 993-6700

DEC-14-01 FRI 05:19 PM   RITE AID HR DEPT          FAX NO. 717 731 3000          P. 02/03



**Rite Aid Corporation**

(717) 972-3904

- **MAILING ADDRESS**
  P.O. Box 3165
  Harrisburg, PA 17105

- **GENERAL OFFICE**
  30 Hunter Lane
  Camp Hill, PA 17011

- (717) 761-2633

December 14, 2001

Ms. Laurie Vallone
Vice President - Pharmacy Division
SEIU Local 1199
310 W. 43rd St.
New York, New York  10036
By Fax:      (212) 261-2433

Re:     Rite Aid/1199 Agreement

Dear Laurie:

     As we discussed, Rite Aid is in the process of closing/transferring a few stores on Long Island and New Jersey.  In particular, Stores 4544, 4903, 4904, and 4905 on Long Island, and Store 1339 in New Jersey.  As part of this closure/transfer, we have reached a non-precedent setting agreement which will allow Rite Aid to close/transfer these stores without potentially being in violation of the Successorship language contained in our current labor agreement under Article 36.  Rite Aid and Local 1199 have agreed that, in return for the resolution of the issues listed below, and in a non-precedent setting manner, Local 1199 agrees not to attempt to enforce the provisions of the current labor agreement, including, but not limited to, the Successorship language, against Rite Aid and/or any other company to which Rite Aid may transfer the above listed stores.  It is specifically understood that this agreement relates only to the closure/transfer of the above listed stores, and shall not apply to the closure/transfer of any other stores either now or in the future.

     Based upon the above, Rite Aid agrees to the following:

     1. Local 1199 shall have access, up to and including store employee meetings, to all employees in the following stores:
          Store 3331 in Cohoes, NY
          Store 4928 in Colonie, NY
          Store 1557 in Loudonville, NY

Upon presentation of authorization cards signed by a majority of the eligible associates in these stores, Rite Aid shall immediately recognize Local 1199 as the bargaining representative for these stores and will include these stores in the current agreement.  Eligible associate lists for these stores will be provided upon execution of this agreement.

*we did not agree to this*
*He was to give us the stores*
*in place of the ones we lost*

2. Rite Aid agrees that it will implement coverage under the 1199 Health and Welfare plans for those stores which are not currently covered under those plans upon written request from the union.

3. As to the above listed stores which are being closed/transferred, Rite Aid agrees to allow those affected associates to "bump" into other available positions in other local Rite Aid stores by seniority. A "local" Rite Aid store shall mean a store within the county of the store which is being closed/transferred. Associates that choose not to transfer, or do not have the necessary seniority to transfer, shall be offered the severance package outlined in the current labor agreement. It is further agreed that the union shall have the right to be present at any associate meetings at which these closures/transfers are announced to the associates.

4. Rite Aid agrees to allow union representatives access to the pharmacy to meet with pharmacy personnel so long as the meetings are brief and do not disrupt pharmacy operations.

5. Rite Aid agrees to review the possibility of implementing a "card check" process with regard to union representation of the pharmacists in Local 1199 represented stores in New Jersey.

It is specifically understood between the parties that this agreement shall not set a precedent between Rite Aid and Local 1199 and shall not be cited nor relied upon in any other proceedings except to enforce the terms of this Settlement Agreement.

Please contact me with any questions.

Sincerely

Lance M. Clark
Rite Aid Corporation
Director of Labor Relations

Agreed to this _____ date of December, 2001.

SEIU Local 1199

By: _____

Title: _____

2

## AGREEMENT BY AND BETWEEN
## SEIU 1199 AND RITE AID CORPORATION

1.1    It is understood and agreed by and between RITE AID CORPORATION (hereinafter "Rite Aid") and SEIU Local 1199 (hereinafter "Local 1199" or the "union") the parties signatory hereto that the terms and conditions of this agreement constitute a legally enforceable binding contract which governs all relations between the parties with respect to the following Rite Aid stores (in the state of New York): _____ .

1.2    For its part, Local 1199 has offered consideration in the form of exclusive pharmacy benefit business for Rite Aid with a dollar value of not less than $_____.   In consideration of this new business, Rite Aid has agreed to permit Local 1199 to demonstrate it represents hourly clerical associates in the following stores as set forth above:_____ through a card check conducted in a manner agreed to between the parties and by a neutral third party agreed upon by the parties, thereby waiving its right to require a formal NLRB election.  The parties agree that each of these stores shall require a separate demonstration of majority status.  In no event, will registered pharmacists or pharmacy interns be included in the unit for which recognition is sought and Local 1199 hereby specifically disclaims interest in representing registered pharmacists or pharmacy interns in any of these stores.

1.3    If Local 1199 successfully demonstrates majority representation of the affected hourly clerical bargaining unit, the parties agree to timely commence bargaining over terms and conditions applicable to the affected stores.  The parties hereby agree that any collective bargaining agreement reached will include a freestanding no strike clause, management rights clause, and company sponsored medical, dental, and prescription benefit programs.

1.4    Local 1199 and Rite Aid understand and agree that the consideration offered by Local 1199 in paragraph 1.2 hereof and accepted by Rite Aid is the sole and exclusive inducement for Rite Aid to enter into this agreement.  Therefore, if at any time hereafter Local 1199 opens its exclusive network for Rite Aid to non-union competition or other unionized competition or engages in any other act, the effect of which causes Rite Aid to suffer a reduction in store pharmacy sales, the consideration for which constitutes the sole basis for this agreement, Local 1199 agrees to disavow representation of each and every associate in the affected stores and hereby agrees to withdraw from all representation of such stores and associates employed therein.  This withdrawal of recognition shall automatically occur as of the first of the month following Rite Aid's notification to Local 1199 of a violation of this agreement.

1.5    Local 1199 and Rite Aid understand and agree that any delay in withdrawal of recognition by Local 1199 would create a substantial hardship on Rite Aid and since time is of the essence, Local 1199 agrees to pay Rite Aid damages for any such delay in the amount of $_____ per day.

APR. 00'0002 16:16 717 731 3863    RITEAID HR    #0403 P.003/003

1.6    This agreement is governed by the laws of the Commonwealth of Pennsylvania.


IN WITNESS WHEREOF, the parties hereto have executed this **AGREEMENT**, this ____ day
of 2002.


For the employer,                            For Local 1199 SEIU:
RITE AID CORPORATION


_____             _____

                                            Dennis Rivera, President


                                            _____

                                            Mike Rifkin, Executive Vice President

*RITE AID/1199 SEIU NATIONAL AGREEMENT POINTS

A)    REPRESENTATION

Rite Aid Corporation recognizes 1199/NHHSEU SEIU as the exclusive bargaining

representative of the workers indicated below.  The 1199/NHHSEU SEIU will represent

or SEIU International Union shall designate the specific SEIU Local to represent all

employees except Security Guards, Managers, Supervisors as defined by the Act in the

following locations:

1.    All current stores and those that may open in the states of Maine, Vermont,

New Hampshire, Connecticut, New Jersey, Kentucky, Georgia, Alabama

and Florida.

2.    All unorganized stores not currently under Collective Bargaining

representation as of 1/1/98 in the states of: New York, Pennsylvania,

Maryland, Delaware/D.C., Virginia, West Virginia and Indiana.  All new

stores that open in these states shall be represented by 1199/NHHSEU

SEIU.

3.    See attachments of state-by-state zip code maps for 1199/NHHSEU SEIU

national state-by-state jurisdictions.

4.    1199/NHHSEU/SEIU will represent all Rite Aid stores in states where Rite

Aid is currently not doing business as of 1/1/98 and where they are SEIU

members in those states.

1

B)    BARGAINING UNITS

The Bargaining Units shall be all non-supervisory professional, technical, clerical, and

store workers that shall include pharmacists, pharmacy techs, stock people, clerks,

cashiers and key people.

C)    RECOGNITION PROCESS

The company will recognize 1199/NHHSEU SEIU by card count of its employees at all

non-represented stores within the scope of this Agreement.  The FMCS will determine if

the union has a majority at the Rite Aid stores.  The Company agrees to remain neutral

and shall read to the employees a neutrality statement.  The Union shall have access to

Rite Aid stores to speak to and sign up the employees.  (See attachment letter for

specifics).

The Company and the Union shall sign a pre-negotiation letter of

understanding outlining the major cost factors that will result as a

result of future collective bargaining negotiations at all recognized

stores.  This shall include Benefit Fund costs, Pension Fund costs,

and time off costs to the employer as a result of future bargaining

negotiations.  Wages and other local conditions shall be negotiated

locally.

D)    REGIONAL BARGAINING

1.    The Company and the Union will negotiate by region, state or metropolitan area

Collective Bargaining Agreements consistent with other regional state or

metropolitan contracts as well as local economic standards.

2

2.    When and where possible, 1199 National Benefit Fund/Pension Fund will provide coverage for Rite Aid workers if those Funds can provide the same or better coverage at the same or lower costs to the employer.

E)    CONTRACT ADMINISTRATION

1199/NHHSEU SEIU and SEIU International Union shall designate which SEIU Local in conjunction with 1199/NHHSEU SEIU shall have responsibility for contract administration and day to day representation of Rite Aid stores in all states where 1199/NHHSEU SEIU represents Rite Aid stores.

# *DRAFT LANGUAGE

# FOR SEIU AND 1199 ATTORNEYS

3

06/19/02  15:08 FAX 212 627 8947    LEVY RATNER & BEHROOZI    002

# LEVY, RATNER & BEHROOZI, P.C.

Attorneys at Law
80 Eighth Avenue
New York, New York 10011-5126

Telephone (212) 627-8100
Telecopier (212) 627-8182

Richard A. Levy
Daniel J. Ratner
Mitra Behroozi
Daniel Engelstein*
Gwynne A. Wilcox*
Pamela Jeffrey
Owen M. Rumelt*
Richard Dorn

Sherri Levine
Veronica Villanueva •
Carl J. Levine
David Slutsky◊
Allyson L. Belovin
Suzanne Hepner *
Tarik Fouad Ajami

Counsel:
Bella Harper
Michael Steven Smith
David P. Horowitz†

*Admitted in NY, MA and DC
*Admitted in NY, NJ and PA
*Admitted in NY and DC
◊ Admitted in NY and NJ
* Admitted in NY and CT
†Admitted in NY and MA

June 19, 2002

### BY FACSIMLE AND
### FIRST-CLASS MAIL

Michael L. Rifkin
Executive Vice President
Health Systems V
New York's Health & Human
  Service Union 1199/SEIU, AFL-CIO
310 West 43rd Street, Floor 10
New York, New York 10036-6405

Re:    1199 and Rite Aid Corporation

Dear Mike:

I have altered the original agreement in accord with your notes (I hope).  Please let me know
if you want further changes.

Very truly yours,

Richard Dorn

RD:jos
Enclosure

# AGREEMENT

Rite Aid Corporation ("Rite Aid") and 1199 NHHSEU, SEIU, AFL-CIO enter into this Agreement regarding neutrality and union access to those Rite Aid stores which are currently non-union ("the Non-Union Stores"), and the process by which 1199 may obtain status as collective bargaining representative of the employees in the Non-Union stores.

## PURPOSE

1.      The parties hereby establish the following procedure for the purpose of ensuring an orderly environment for the exercise by the Employer's employees of their rights under Section 7 of the National Labor Relations Act, and to avoid picketing and other economic action directed at the Employer for organizational reasons.

2.      The parties mutually recognize that the national labor law guarantees employees the right to form or select labor organizations to act as the employees' exclusive representatives for the purpose of collective bargaining with Employers, or to refrain from such activity.

## REPRESENTATION (REGIONAL BARGAINING UNIT)

3.      Rite Aid will recognize the Union as the collective bargaining representative for its employees in the following counties and cities, pursuant to the procedure set forth below:

     a.    New York State:

          Putnam County, Orange County, Dutchess County, Ulster County, Sullivan County and the City of Albany.

     b.    New Jersey:

          The Counties of Passaic, Bergen, Essex, Union and Hudson; and, the cities of Edison, Perth Amboy, Carteret and Woodbridge in Middlesex County.

4.      All new stores Rite Aid opens in the above counties and areas shall be part of the bargaining unit.

## BARGAINING UNIT POSITIONS

5.      The New York bargaining unit shall consist of all non-supervisory professional and non-professional employees. The New Jersey bargaining unit shall consist of all non-professional employees.

06/19/02  13:09 FAX 212 627 894/     LEVI RAINER & BEHROUZI                ⬚004

## RECOGNITION

6.     Rite Aid agrees that at all unorganized stores, it will furnish to the Union, upon request, the names, addresses, telephone numbers, dates of hire and classifications of all employees in the store.  The information will be provided within seventy-two (72) hours of the request.

7.     Rite Aid agrees that it and its managers and supervisors shall remain entirely neutral with respect to unionization and 1199 as the union seeking to represent its employees.  1199 will not disparage Rite Aid or its management in the course of these efforts.

8.     Rite Aid and 1199 agree that the American Arbitration Association ("AAA") will, upon request from 1199, conduct an election by mail ballot, or other method agreed upon by the parties, among the employees in the regional bargaining unit set forth by 1199.  The election shall be conducted pursuant to the Election Rules of the AAA.  The decisions of the AAA or its designated representative shall be final and binding, and the parties agree that they will not use the NLRB to resolve issues delegated to the AAA.

9.     If the AAA certifies in writing that 1199 has received a majority of votes cast in the election, Rite Aid will recognize 1199 as the collective bargaining representative of the employees in the stores involved in the election as part of the regional bargaining unit for that region, and to apply the terms and conditions of the collective bargaining agreements which have been negotiated between Rite Aid and 1199 in that region.

10.     Provided the above terms are complied with, 1199 will not strike, picket or boycott for recognition at any Rite Aid location in connection with its organizing efforts.

## REGIONAL BARGAINING

11.     The contracts between Rite Aid and 1199 covering each of the various regional bargaining units will take into account other collective bargaining agreements and Rite Aid contracts within the region, as well as local economic standards.

## INTRA-UNIT TRANSFERS

12.     a.     Based upon seniority in the regional bargaining unit, employees at stores within a region shall have the right to transfer to vacant positions in other stores within their region.  They shall also have the right to apply for promotions to vacant positions in other stores, where there is not a qualified employee within the store where the promotional vacancy exists.  In the case of employees bidding for promotion, seniority and the ability to do the work shall prevail, if all other qualifications are equal.  Said transfer will not be unreasonably withheld by Rite Aid.

b.     In the event Rite Aid opens a new store, it shall give thirty (30) days advance notice to 1199 of such planned opening.  It shall also advise the Union of the classifications to be filled in the new store.  These openings will be posted in all other stores in that Region and

employees in the regional bargaining unit shall be entitled to transfer to positions in their classifications in the newly opened stores. Where more than one unit employee applies for a position, the employee with the ability to do the work and the greatest seniority shall be transferred. The employees of the newly opened store will be included in the regional bargaining unit and covered by the collective bargaining agreement between Rite Aid and 1199 in effect in that region. Such transfer will not be unreasonably withheld by Rite Aid.

13.    If there is a dispute between Rite Aid and 1199 concerning the pharmacy benefit business offered to Rite Aid by 1199, the parties agree that they will meet to discuss and negotiate any issues involved in the dispute. If the negotiations do not result in an agreement, the dispute will be resolved by an arbitrator selected pursuant to labor arbitration procedures of the AAA.

Dated: June 19, 2002

_____                    _____
1199 NHHSEU, SEIU, AFL-CIO                  RITE AID CORPORATION

# Hezekiah Brown

Arbitrator - Mediator

104 Alabama Avenue, Hempstead, New York 11550

(516) 483-9706

November 5, 1998

Mr. Mike Rifkin, Executive Vice President
National Health and Human Service Union
Local 1199
310 West 43rd Street
New York, New York 10036

Re: Revised Certification of Representative

Dear Mr. Rifkin:

Enclosed you will find the revised Certification of Representative. Please disregard the original Certification of Representative previously sent.

Very truly,

Hezekiah Brown
Impartial Arbitrator

sh

Enclosure

REVISED

IN THE MATTER OF CERTIFICATION
-------------------------------------------------------X
RITE AID CORPORATION

      AND

1199, HEALTH AND HUMAN SERVICE
EMPLOYEES UNION, SEIU, AFL-CIO
-------------------------------------------------------X

## CERTIFICATION OF REPRESENTATIVE

The above parties mutually agreed to a voluntary card count to determine whether or not 1199 National Health and Human Service Employees Union ("1199") possessed sufficient authentic signatures to officially serve as the collective bargaining agent for all employees (excluding managerial employees and guards) employed by the Rite Aid Corporation ("Rite Aid") in all of its facilities in the New York counties of Putnam, Dutchess, Orange, Sullivan, Ulster, and the city of Albany and the New Jersey counties of Passaic, Bergen, Essex, Hudson, Union and the cities of Edison, Perth Amboy, Carteret and Woodbridge in Middlesex County (the "Bargaining Unit").

On October 12 and 13, 1998, a card count was conducted at the offices of Brown, Brown & Associates, Inc., 104 Alabama Avenue, Hempstead, New York, to determine whether or not 1199 represented a majority of those Rite Aid employees eligible to vote on the question of representation employed in the Bargaining Unit.

Upon examination of the signatures as they appear on the cards, the undersigned has determined that a majority of the eligible employees at all stores and other facilities of the Employer in the Bargaining Unit have selected 1199 National Health and Human Service Employees Union to represent them for the purpose of collective bargaining with respect to rates of pay, hours of work and other conditions of employment.

collective bargaining with respect to rates of pay, hours of work and other conditions of employment at Rite Aid Corporation/New York counties of Putnam, Dutchess, Orange, Sullivan, Ulster, and the city of Albany and the New Jersey counties of Passaic, Bergen, Essex, Hudson, Union, and the cities of Edison, Perth Amboy, Cateret and Woodbridge in Middlesex County.

Upon the foregoing, it is certified that 1199, National Health and Human Services Employees' Union has been selected as the collective bargaining representative for those eligible employees employed by Rite Aid Corporation/New York counties of Putnam, Dutchess, Orange, Sullivan, Ulster, and the city of Albany and the New Jersey counties of Passaic, Bergen, Essex, Hudson, Union, and the cities of Edison, Perth Amboy, Cateret and Woodbridge in Middlesex County.

Hezekiah Brown
Impartial Arbitrator
Dated: October 13, 1998

Sworn to before me this 13th day
of October , 1998

STACEY L. HARGRAVES
NOTARY PUBLIC, State of New York
No. 01HA5018179
Qualified in Nassau County
Commission Expires 9 20, 19 99

## AGREEMENT

The Rite Aid Corporation recognizes 1199 National Health and Human Service Employees Union as the collective bargaining representative of its employees at all stores located within the New York counties of Putnam, Dutchess, Orange, Sullivan, Ulster, and the city of Albany and the New Jersey counties of Passaic, Bergen, Essex, Hudson, Union and the cities of Edison, Perth Amboy, Carteret and Woodbridge in Middlesex County.

### AND

The recognition process, as agreed, as well as terms and conditions of the Collective Bargaining Agreement to be negotiated shall be completed by October 31, 1998.

Dated: June 29, 1998

Mike Rifkin, Executive Vice President          Bob Souder, Senior Vice President
1199 NHHSEU, SEIU, AFL-CIO                       RITE AID CORPORATION

VP

# AGREEMENT

Rite Aid Corporation ("Rite Aid") and 1199 NHHSEU, SEIU, AFL-CIO enter into this Agreement regarding neutrality and union access to those Rite Aid stores which are currently non-union ("the Non-union Stores"), and the process by which 1199 may obtain status as collective bargaining representative of the employees in the Non-union stores.

## PURPOSE

1.      The parties hereby establish the following procedure for the purpose of ensuring an orderly environment for the exercise by the Employer's employees of their rights under Section 7 of the National Labor Relations Act, and to avoid picketing or other economic action directed at the Employer for organizational reasons.

2.      The parties mutually recognize that the national labor law guarantees employees the right to form or select labor organizations to act as the employees' exclusive representatives for the purpose of collective bargaining with Employers, or to refrain from such activity.

## REPRESENTATION (REGIONAL BARGAINING UNIT)

3.      Rite Aid will recognize the Union as the collective bargaining representative for its employees in the following counties and cities:

   A. New York State:
      Putnam County, Orange County, Dutchess County, Ulster County, Sullivan County,  and the city of Albany.

   B. New Jersey:
      the counties of Passaic, Bergen, Essex, Union, Hudson, and the cities of Edison, PerthAmboy, Carteret, and Woodbridge in Middlesex County.

4.      All new stores Rite Aid opens in the above counties and areas shall be part of the bargaining unit.

## BARGAINING UNITS POSITIONS

5.      The New York bargaining unit shall consist of all non-supervisory professional and non-professional employees.  The New Jersey bargaining unit shall consist of all non-professional employees.

RECOGNITION

6.    Rite Aid agrees that at all unorganized stores, representatives of 1199 shall be permitted to meet with employees (in job classifications covered by the collective bargaining agreements between Rite Aid and 1199) on store premises for the purpose of allowing 1199 to explain to employees the potential benefits of union representation. Each such meeting shall last no longer than sixty (60) minutes. Upon request, Rite Aid will furnish to the Union the names, addresses, telephone numbers, dates of hire and classifications of all employees in the store. The information will be provided within 72 hours of the request.

7.    At such meetings, representatives of 1199 will be introduced by a Rite Aid representative, who will read a statement which has been mutually agreed upon by Rite Aid and the Union. Such Rite Aid representative will then leave the room and allow representatives of 1199 to meet with the employees and solicit authorization cards. No Rite Aid management employee will be present during such meetings. 1199 agrees that any solicitation of authorization cards will not be coercive or involve threats of any kind, and will comply in all respects with the limitations of the National Labor Relations Act.

8.    Rite Aid further agrees that it and its managers and supervisors shall remain entirely neutral with respect to unionization and 1199 as the union seeking to represent its employees. 1199 will not disparage Rite Aid or its management in the course of these efforts.

9.    Rite Aid and 1199 agree that any authorization cards obtained by 1199 from employees in the Non-union Stores shall be checked against a list of employees in the Non-union Stores as of the last payroll period prior to the scheduled store visit (#9 - #10 above) by an arbitrator mutually agreed upon by the parties. Rite Aid will provide the arbitrator with such list. The arbitrator will have the authority to decide any disputed matters between the parties with respect to the vote count or the application of this agreement, and to fashion appropriate remedies. His decisions shall be final and binding and the parties agree that they will not use the NLRB to resolve issues delegated herein to the arbitrator.

10.    Subject to the other conditions described in this Letter of Understanding, if the arbitrator certifies in writing that 1199 has obtained cards from a majority of the employees in a Non-union Stores, Rite Aid agrees to recognize 1199 as the collective bargaining representatives of the employees in the Non-union Stores as part of the regional bargaining unit for that region and to apply the terms and conditions of the collective bargaining agreements which have been negotiated between Rite Aid and 1199 in that region.

11.    Provided the above terms are complied with, 1199 will not strike, picket or boycott for recognition at any Rite Aid location in connection with its organizing efforts.

2

## REGIONAL BARGAINING

12.     The contracts between Rite Aid and 1199 covering each of the various regional bargaining units will take into account other Collective Bargaining Agreements and Rite Aid contracts within the region, as well as local economic standards.

## INTRA-UNIT TRANSFERS

13.     a.  Based upon seniority in the regional bargaining unit, employees at stores within a regional shall have the right to transfer into vacant positions in other stores within their region.  They shall also have the right to apply for promotions to vacant positions in other stores, where there is not a qualified employee within the store where the promotional vacancy exists.  In the case of employees bidding for promotion, seniority and the ability to do the work shall prevail, if all other qualifications are equal.  Said transfer will not be unreasonably withheld by Rite Aid.

        b.  In the event Rite Aid opens a new stores, it shall give thirty days advance notice to 1199 of such planning opening.  It shall also advise the Union of the classifications to be filled in the new store.  These openings will be posted in all other stores in that Region and employees in the Regional Bargaining Unit shall be entitled to transfer to positions in their classifications in the newly opened stores.  Where more than one unit employee applies for a position the employee with the ability to do the work and the greatest seniority shall be transferred.  The employees of the newly opened store will be included in that Regional Bargaining Unit and covered by the collective bargaining agreement between Rite Aid and 1199 in effect in that region.  Such transfer will not be unreasonably withheld by Rite Aid.

Dated:  June 29, 1998

_Mike Riffan_ Exec-VP

1199 NHHSEU,SEIU,AFL-CIO

_Yvonne Armisky_ VP

_Rob Srick_

RITE AID CORPORATION

     

MEMORANDUM

TO:        Mike Rifkin
           Local 1199

FROM:      Bob Souder

DATE:      11-4-98

RE:        Upstate New York and New Jersey Contract Provisions


Mike - Have couple of ideas about compensation for staff pharmacists and we must discuss that.



BS:mnm

Enclosures

# UPSTATE NEW YORK AND NEW JERSEY CONTRACT
## PROVISIONS
### 11-3-98

## HOLIDAYS

Present

Full time (35 hours) get six (6) named
holidays a year and one (1) personal day
after one (1) year service.

Part time - Pro rata on six (6) days after
one (1) year service.

Proposed

1st and 2nd year of agreement
Full time non-probationary get the
six (6) named holidays and after one (1) year
of service a personal day and the birthday.

Part time get six (6) named after six (6)
months and one (1) personal holiday after
one (1) year.  (Pro rata)

3rd and 4th year of agreement
Full time non-probationary get six (6) named
plus two (2) personal holidays and birthday.

## VACATION

Present

Full time
    1 week after 1 year
    2 weeks after 3 years
    3 weeks after 9 year
    4 weeks after 18 years

Part time
    - 0 -

Proposed

Full time
    1 week after 1 year
    2 weeks after 2 years
    3 weeks after 8 years
    4 weeks after 16 years

Part time
    Pro rata
    1 week after 1 year
    2 weeks after 3 years
    3 weeks after 8 years

1

## HEALTH AND WELFARE

Present | Proposed

Full time - after six (6) months contribute
$6.00 single, $11.00 family
$200.00 deductible
20% co-pay

Full time - Health & Welfare Fund after six
(6) months service (35 hours or more)

Part time - nothing

Part time (more than 20 hours) - 1st of
month after one (1) year service - single
coverage only

## PENSION

Present | Proposed

None

Pension Fund effective 7-1-2000

## MINIMUMS AND PROGRESSIONS

Clerk/Cashier
At hire $5.15 - 3% per year

| Proposed | At Ratification | 2nd year | 3rd year | 4th year |
|---|---|---|---|---|
| At hire | $5.25 | $5.35 | $5.45 | $5.50 |
| After 6 months | 5.35 | 5.45 | 5.55 | 5.60 |
| After 12 months | 5.45 | 5.55 | 5.65 | 5.70 |
| After 18 months | 5.55 | 5.65 | 5.75 | 5.80 |
| After 24 months | 5.75 | 5.85 | 5.95 | 6.00 |
| After 30 months | 5.95 | 6.05 | 6.15 | 6.25 |
| After 36 months | 6.20 | 6.40 | 6.50 | 6.75 |

## ACROSS THE BOARDS
All those at top rate or above

| Non Professional | $ .25 | $ .25 | $ .30 | $ .30 |
|---|---|---|---|---|

<u>Key Person Premium</u>
    $ .25 1st year
    $ .35 2nd year
    $ .50 3rd and 4th year


## GRIEVANCE AND ARBITRATION

<u>Present</u>                          <u>Proposed</u>

None                                Same as master, but with FMCS or AAA


## MANAGEMENT RIGHTS

<u>Present</u>                          <u>Proposed</u>

Total                               Same as master


## HOURS AND OVERTIME

<u>Present</u>                          <u>Proposed</u>

After 40                            Clerks - After 8 days


## SENIORITY

<u>Present</u>                          <u>Proposed</u>

None                                U.F.C.W. 1776 Contract


## MINIMUM - PROGRESSIONS PHARMACY TECHS

Same as Clerk/Cashiers with Premiums

    1st year of Agreement        $ .25
    2nd year                     $ .35
    3rd and 4th year             $ .50

3

JUN 12 2002 14:23 FR LOCA  1199          212 261 2433    99565140       P.05

# AGREEMENT

Rite Aid Corporation ("Rite Aid") and 1199 NHHSEU, SEIU, AFL-CIO enter into this Agreement regarding neutrality and union access to those Rite Aid stores which are currently non-union ("the Non-union Stores"), and the process by which 1199 may obtain status as collective bargaining representative of the employees in the Non-union stores.

## PURPOSE

1       The parties hereby establish the following procedure for the purpose of ensuring an orderly environment for the exercise by the Employer's employees of their rights under Section 7 of the National Labor Relations Act, and to avoid picketing or other economic action directed at the Employer for organizational reasons.

2.      The parties mutually recognize that the national labor law guarantees employees the right to form or select labor organizations to act as the employees' exclusive representatives for the purpose of collective bargaining with Employers, or to refrain from such activity.

## REPRESENTATION (REGIONAL BARGAINING UNIT)

3.      Rite Aid will recognize the Union as the collective bargaining representative for its employees in the following counties and cities:

    A. New York State:
        Putnam County, Orange County, Dutchess County, Ulster County, Sullivan County,  and the city of Albany.

    B. New Jersey:
        the counties of Passaic, Bergen, Essex, Union, Hudson, and the cities of Edison, PerthAmboy, Carteret, and Woodbridge in Middlesex County.

4       All new stores Rite Aid opens in the above counties and areas shall be part of the bargaining unit.

## BARGAINING UNITS POSITIONS

5       The New York bargaining unit shall consist of all non-supervisory professional and non-professional employees.  The New Jersey bargaining unit shall consist of all non-professional employees.



JUN 12 2002 14:24 FR LOCA  1199        212 261 2433 T  99565140      P.07
JUL 01 '98 14:07 FR 1199 : MECHRE DIV.  212 762 1744 TO 17171  .000      P.03/01
JUL-01-98 WED 01:17 PM   RITE AID HR DEPT       FAX NO. 717 731 3860         P.05

## REGIONAL BARGAINING

12.    The contracts between Rite Aid and 1199 covering each of the various regional bargaining units will take into account other Collective Bargaining Agreements and Rite Aid contracts within the region, as well as local economic standards.

## INTRA-UNIT TRANSFERS

13.    a. Based upon seniority in the regional bargaining unit, employees at stores within a regional shall have the right to transfer into vacant positions in other stores within their region. They shall also have the right to apply for promotions to vacant positions in other stores, where there is not a qualified employee within the store where the promotional vacancy exists. In the case of employees bidding for promotion, seniority and the ability to do the work shall prevail, if all other qualifications are equal. Said transfer will not be unreasonably withheld by Rite Aid.

       b. In the event Rite Aid opens a new stores, it shall give thirty days advance notice to 1199 of such planning opening. It shall also advise the Union of the classifications to be filled in the new store. These openings will be posted in all other stores in that Region and employees in the Regional Bargaining Unit shall be entitled to transfer to positions in their classifications in the newly opened stores. Where more than one unit employee applies for a position the employee with the ability to do the work and the greatest seniority shall be transferred. The employees of the newly opened store will be included in that Regional Bargaining Unit and covered by the collective bargaining agreement between Rite Aid and 1199 in effect in that region. Such transfer will not be unreasonably withheld by Rite Aid.

Dated: June 29, 1998

_____
1199 NHHSEU, SEIU, AFL CIO

_____
RITE AID CORPORATION



06/20/02  09:31 FAX 212 627 9947    LEVI RAINER & BEHROOZI    Ø008/012

JUN 12 2002 14:24 FR LOCAL .199    212 261 2433 T  39565140    P.09

*Send to Keith Lovett*

## Memorandum of Agreement

Contingent on the ratification of these Modifications to the Master 1199 CBA, the parties agree that these modifications shall apply to the newly represented stores in New York and New Jersey, as set forth in the CBA (subject to a final review of the contract provisions by the representatives of the parties).

1. Vacations - based upon the employees anniversary year for all employees.

     1 yr. - 1 week

     2 yrs - 2 weeks

     8 yrs - 3 weeks

     16 yrs - 4 weeks

     20 yrs - 5 weeks

Part time employees shall receive pro-rated vacation pay.

2. Holidays (Full and Part time)

| | |
|---|---|
| New Years Day | Labor Day |
| MLK Birthday | Thanksgiving |
| Memorial Day | Christmas |

T.L. 4

JUN 12 2002 14:24 FR LOCAL  199        212 261 2433 T 39565140        P.11

3

5. → Bi-weekly pay (small 1yr) New Jersey only

6. → Maintenance of standards
   OK to some language, but not
   matching 401(k) or (key employee plan
   or other Rite Aid management incentives

| | | 31.1.99 | | 31.1.00 | | 31.1.01 | |
|---|---|---|---|---|---|---|---|
| | Rx Tech | 31.199 | | 31.100 | | 31.101 | |
| *PT | hire | 5.50 | | 5.75 | | 6.00 | |
| | 6 | 6.00 | +.25 | 6.25 | +.25 | 6.50 | +.25 |
| 7. | 12 | 6.50 | +.25 | 6.75 | +.25 | 7.00 | +.25 |
| | 18 | 7.00 | +.25 | 7.25 | +.25 | 7.50 | +.25 |
| | 24 | 7.30 | +.25 | 7.55 | +.25 | 7.75 | +.25 |
| | 30 | 7.65 | +.25 | 7.90 | +.25 | 8.00 | +.25 |
| | 36 | 8.00 | +.25 | 8.25 | +.25 | 8.50 | +.25 |

        50¢ premium. Minimum $6.25
        Effective upon ratification

| Clerk | 31.199 | 31.100 | 31.101 | FT | 31.199 | 31.100 | 31.101 |
|---|---|---|---|---|---|---|---|
| hire | 5.30 | 5.40 | 5.50 | hire | 5.50 | 5.50 | 5.75 |
| 6 | 5.45 +15 | 5.55 +15 | 5.65 +15 | 6 | 5.75 +15 | 6.00 +15 | 6.10 +15 |
| 12 | 5.60 +15 | 5.70 +15 | 5.80 +15 | 12 | 6.00 +15 | 6.75 +15 | 6.75 +15 |
| 18 | 5.75 +15 | 5.85 +15 | 6.00 +15 | 18 | 6.50 +15 | 7.00 +15 | 7.00 +15 |
| 24 | 5.90 +15 | 6.00 +15 | 6.15 +15 | 24 | 7.00 +15 | 7.25 +15 | 7.25 +15 |
| 30 | 6.05 +15 | 6.15 +15 | 6.30 +15 | | | | |
| 36 | 6.20 +15 | 6.30 +15 | 6.50 +15 | | | | |

5

Signature Page

Signed this 11 day of February 1999

Rite Aid Corporation        Local 1199

Yvonne Armsby    VP

Town Valley 1199 NG

Sandra Bickoff

Marie Kennedy

Margaret Seymour

Eileen Kowlesar

Francisca Sierra

Lisa N. Freeman

Katisia Williams

JoAnn McCoy

1199

EISNER & HUBBARD, PC   2124738705          11/03 '98 12:04 NO.721  02
                                            FAX NO. 717  31 3860          P. 01



**Rite Aid Corporation**

### FACSIMILE TRANSMISSION
### FROM THE OFFICE OF
### LANCE CLARK
### DIRECTOR OF LABOR RELATIONS

**DATE:**      11/3/98

**TO:**        **Dean Hubbard**
               **212-473-8705**

**FROM:**      **Heather Webb, Labor Relations**
               **(717) 761-2633 ext. 5141**

### RITE AID CORPORATION
### 30 HUNTER LANE
### CAMP HILL, PENNSYLVANIA 17011

### 14 PAGES INCLUDING COVER SHEET

### IF ANY FAX COPIES ARE OF UNREADABLE QUALITY,
### PLEASE CALL THE NUMBER LISTED ABOVE.

### (717) 731-3860 fax

**COMMENTS:**    Dean, pursuant to my review of what was agreed to at the
table, attached are my changes to your proposals which I received over the
weekend. I will send my changes to your most recent proposals within the
next day or so. Thank you

EISNER & HUBBARD, PC    2124738705    11/03 '98 12:04 NO.721 03
NOV   3 '98 TUE   :37 UFCW LOCAL #876    FMA NO. 7 731 3860    P.02
                                                                P.01

# United Food & Commercial Workers
# Union Local No. 876

ANCE "ANDY" JOHNSON
President

WILLIAM A. SCHWARTZ
Secretary-Treasurer

PAT KRETZSCHMAR
Recorder

876 Horace Brown Drive · Madison Heights, Michigan 48071
Phone (810) 585-9671 · Fax (810) 585-0509
1-800-321-6406



## FAX COVER SHEET

Date:

Total number of pages (including this page)_____

Please deliver the following to:

Name:  Heather Webb

Fax No.  717-731-3860

From:  Lance

Re:  Dean's Fax # is 212-473-8705
                    that

The FAX # here is 810-585-0509
                    248 585-0509

If you do not receive all pages, or any portions of this transmission are
not legible, please notify us by telephone at (248) 585-9671 or
Fax (248) 585-0509.

United Food & Commercial Workers, Local 876

UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION, AFL-CIO & CLC
AFFILIATED WITH MICHIGAN STATE FEDERATION OF LABOR – METRO-DETROIT AFL-CIO COUNCIL – AFL-CIO

# 1199 NATIONAL HEALTH AND HUMAN SERVICE
## EMPLOYEES UNION, SEIU, AFL-CIO

### AND

## RITE AID CORPORATION

### COLLECTIVE BARGAINING AGREEMENT

#### EFFECTIVE
OCTOBER 11, 1998 through OCTOBER 10, 2002

Eisner & Hubbard P.C.
112 University Place
New York, NY 10003
212 420 6100

EISNER & HUBBARD, PC    2124738705    11/03 '98 12:05 NO.721    05
NOV-03-'98 TUE    RITE    TO HR DEPT    FAX NO. 11 731 3860    P.04
UFCW LOCAL 876    P.03

AGREEMENT made as of this _____ day of _____, 199_, by and between

1199 NATIONAL HEALTH AND HUMAN SERVICE EMPLOYEES UNION, SEIU

AFL-CIO, with its offices at 310 West 43rd Street, Borough of Manhattan, City of New

York, (hereinafter the "Union"), and RITE AID CORPORATION, with its offices at

30 Hunter Lane, Camp Hill , Pennsylvania (hereinafter the "Employer").


WITNESSETH:


WHEREAS, the Employer is engaged in the retail drug business; and

WHEREAS, the Union is a labor organization composed in pertinent part of

employees employed in the retail drug business and in other types of establishments from

time to time organized by the Union and has demonstrated to the Employer that it

represents a majority of its employees in the unit described herein; and

WHEREAS, the parties hereto desire to cooperate in establishing uniform

conditions of employment which will tend to secure to the employees a living wage and

eliminate unfair conditions of labor and to provide methods for a fair and peaceful

adjustment of all disputes that may arise between the parties hereto or between the

Employer and its employees;

NOW, THEREFORE, in consideration of the premises and the promises herein

contained, the Union and the Employer, each on its own behalf, agree as follows:

Eisner & Hubbard, P.C.
113 University Place
New York, NY 10003
212-473-8700

Page 1

EISNER & HUBBARD, PC   2124738705    11/03 '98 12:05 NO.721  06
NOV  3-98 TUE  9:59 AM  KITE  D HR DEPT    FAX NO. 11  31 380U    P.05

All provisions of this Agreement shall apply to the previously listed New York counties of Orange, Putnam, Ulster, Dutchess, Sullivan, and the City of Albany except that modifications to this Agreement affecting those counties shall be negotiated separately and shall be set forth in a written addendum to this Agreement by no later than December 31, 1998.

## ARTICLE 1

## COVERAGE

This Agreement shall be binding upon the Union, the Employer and its successors and assigns, but shall apply only to those drug stores operated by said Employer, and to drug stores hereafter opened by the Rite Aid Corporation (including, but not limited to those in which the Employer directly or indirectly acquires an interest of 50% or more in existing stores), in the City of New York, and the New York Counties of Nassau, Suffolk, Westchester, Orange, Putnam, Ulster, Dutchess, Sullivan, and Rockland, and the City of Albany, and the New Jersey Counties of Passaic, Bergen, Essex, Hudson, and Union, and the Cities of Edison, Perth Amboy, Carteret and Woodbridge in Middlesex County, New Jersey, regardless of the name or whether the drug store is operated individually or as a partnership or corporation.

All provisions of this Agreement except wages, holidays, vacations, and sick time ("local conditions") shall apply to the previously listed New Jersey counties, except staff pharmacists and supervising pharmacists shall be excluded from the bargaining unit in those counties. Other modifications to this Agreement affecting those counties, and local conditions in those counties shall be negotiated separately and shall be set forth in a written addendum to this Agreement by no later than November 15, December 31, 1998.

The Employer obligates itself to live up to the terms and provisions of this Agreement, and warrants that it will comply with the provisions of this Agreement requiring contributions to the National Benefit Fund for Hospital and Health Care Employees and the National Pension Fund for Hospital and Health Care Employees, and

Eisner & Hubbard, P.C.
113 University Place
New York, NY 10003
212 673 9709

EISNER & HUBBARD, PC    2124738705    11/03 '99 12:05 NO.721  07
NOV   TUE   UFCW  LOCAL  P.06

the Union obligates itself in good faith for all of its members that it will live up to the provisions of this Agreement.

The words, "Employer" or "Employers," as and whenever used in this Agreement, and the pronouns, "he" and "his," used in connection therewith, are intended to and apply to the Employer, Rite Aid Corporation, and to each drug store covered hereunder, whether operated by an individual, copartnership or corporation.

The words, "employee" or "employees," as and whenever used in this Agreement and the pronouns, "he" or "his," used in connection therewith, are intended to apply to each employee covered by this Agreement whether male or female, full-time or part-time.

The term, "drug store," as and whenever used in this Agreement, also includes and shall mean "retail drug store" and/or "pharmacy."

The term "retail drug business," as and whenever used in this Agreement, shall be interpreted to mean the business of operating drug stores and health and beauty aid stores as defined herein.

The term "health and beauty aid store," as and whenever used in this Agreement, shall be interpreted to mean a retail store without a pharmacy.

Eisner & Hubbard, P.C.
112 University Place
New York, NY 10003
212 473 8700

50   699.ON 0£:80 86, 1£/01         2128738705         FISNER & HUBBARD, PC

NOV 03 '99 12:11

EISNER & HUBBARD, PC    2124738705    11/03 '98 12:06 NO.721  08

## ARTICLE 3

### RECOGNITION

The Employer hereby recognizes the Union as the sole and exclusive representative of all of the sales clerks, cashiers, drivers, delivery persons, porters, stock clerks, staff pharmacists, supervising pharmacists, graduate pharmacists, pharmacy interns, pharmacy technicians, and assistant managers, but excluding guards, store managers, co-managers, pharmacy department managers, and supervisors as defined by the National Labor Relations Act, as amended, in respect to rates of pay, wages, hours and other conditions of employment. No provision included in this Agreement shall be applicable to an employee who is not in the aforesaid bargaining unit.

*all of the professional and non-professional employees of the Employer in the drug stores set forth in Article 1 hereof.*

Eisner & Hubbard, P.C.
113 University Place
New York NY 10003
212 473 8700

Page 4

EISNER & HUBBARD, PC    2124738705    11/03 '98 12:06 NO.721  09

# ARTICLE 3

## UNION SHOP AND CHECK OFF

A.    All present employees of the Employer who are members of the Union shall maintain their membership in good standing in the Union as a condition of continued employment.

B.    All present employees who are not members of the Union shall become members of the Union thirty (30) days after the effective date of this Agreement, or after the execution of this Agreement, whichever is later, and shall thereafter maintain their membership in the Union in good standing as a condition of continued employment.

C.    All employees hired after the effective date of this Agreement, shall become members of the Union no later than the 30th day following the beginning of such employment and shall thereafter maintain their membership in the Union in good standing as a condition of continued employment.

During each employee's 30-day orientation period, a management representative shall inform each such employee of his or her rights and obligations under this Article, and shall provide him or her with applicable Union, Benefit and Pension Fund forms for completion simultaneously with all other applicable employment forms.

~~D.    Upon written notice from the Union, the Employer will deduct all Union membership dues as set forth in the standard Local 1199 authorization form.  The Employer will be provided with a copy of said form executed by the employee.~~

E.    The Employer agrees to discharge from its employ, immediately, anyone of its employees upon notice from the Union that such employee has ceased to be a member in good standing of the Union by reason of his failure to pay the initiation fee and periodic

Eisner & Hubbard, P.C.
111 University Place
New York, NY 10003
212 673 8700

Page 5

10/31 '98 08:44 NO.699  07    2124738705    EISNER & HUBBARD, PC

NOV 03 '98 12:12

EISNER & HUBBARD, PC    2124738705    11/03 '9^ 12:06 NO.721   10
NOV   ^ ^^ TUE   ^^^   ^^^ ^^^ ^^^^   ^^^^ UFCW LOCAL 972   ^^^ ^^^^   P.09

dues uniformly required as a condition of acquiring or retaining membership. The Employer agrees that the mailing of a certified notice to it at its address herein given shall be deemed sufficient notice under this Article.

F.    It is specifically agreed that the Employer assumes no obligation, financial or otherwise, arising out of the provisions of this Article, and the Union hereby agrees that it will indemnify and hold the Employer harmless from any claims, actions, or proceedings by any Employee arising from deductions made by the Employer hereunder for regular dues, initiation fees, or other amounts required by the Union to satisfy Union shop provisions of this Agreement.

EISNER & HUBBARD, PC    2124738705    11/03 '9 12:06 NO.721  11

# ARTICLE 4

## HIRING

The Union has established an Employment Service to be administered and financed by the Union. Neither the Service in referring, nor the Employer in hiring, shall discriminate against an applicant because of membership or non-membership in the Union or any ground prohibited under this Agreement.

Within ninety (90) days of the execution of this Agreement, the parties agree to establish a joint committee for the purpose of strengthening the Employment Service to make it more effective.

Eisner & Hubbard, P.C.
113 University Place
New York, NY 10003
212 473 8700

Page 7

## ARTICLE 5

### WAGE INCREASES

For purposes of wage increases, minimum wages, bonuses and progressions, any part-time employee who works thirty-five (35) or more hours per week for eight (8) consecutive weeks shall thereafter be considered a full-time employee. If such employee works less than thirty-five (35) hours per week for eight (8) consecutive weeks, he/she shall revert to part-time status.

A.    The following percentage increases shall be calculated on the employee's rate in effect on the day before each general wage increase listed below:

| 10/11/98 | 12/10/99 | 12/10/00 | 5/1/02 |
|----------|----------|----------|--------|
| 5% | 5% | 4% | 5% |

B.    In addition, each employee employed on the ratification date of this ⌐and still employed as of January 1, 2001, Agreement shall receive a cash bonus of 1% of his or her year 2000 W-2 gross compensation, to be paid by January 31, 2001.

C.    In addition, ~~five (5) of the ten (10) months of suspended Pension Fund~~ the following bonuses shall be paid: ~~contributions shall be diverted to pay the following bonuses:~~

    1.    Each employee employed on the ratification date of this Agreement and on March 1, 2000, shall receive the following ~~minimum~~ bonus:

        a. Full-time: $500;

        b. Part-time: $250.

    2.    Each employee employed for at least one (1) year on March 1, 2000, shall receive the following ~~minimum~~ bonus:

        a. Full-time: $250;

Eiser & Hubbard, P.C.
113 University Place
New York, NY 10003
212 673 4700

Page 8

b. Part-time: $125.

~~Prior to payment of the bonuses, the parties will meet and ascertain the precise amount of the bonuses to be paid based on the value of the diversion as determined by the Pension Fund's actuaries.~~

~~D.    Employees on the payroll at ratification shall receive the minimum rate or the general wage increases whichever is greater.~~

~~E.    Effective December 10, 1999, December 10, 2000, and March 15, 2001 the hourly rate for all part-time employees in each category, other than pharmacists who work less than eight (8) hours on any day, shall be increased on each of the aforesaid dates by an amount determined by dividing the weekly salary or wage increase for the category by the forty (40) hour work week.~~

~~The hourly rate for part-time pharmacists shall be increased by the aforementioned formula, except that on each day that they work less than eight (8) hours, their rate shall be additionally increased by the amount of the premium pay established at that time.~~

F.    Part-time employees are guaranteed a minimum of four (4) hours of ~~work~~ scheduled work per day.

~~G.    Part-time employees are to be hired to work a specific number of hours per week.~~

~~H.    The Employer shall offer scheduled hours to part-time employees in accordance with the principles of seniority set out in Article 12 of this Agreement.~~

Eisner & Hubbard, P.C.
113 University Place
New York, NY 10003
212 473 8700

Page 9

EISNER & HUBBARD, PC    2124738705    11/03    12:07 NO.721    14

NOV  3-98 TUE  9:42  UFCW LOCAL 876    P.13

## ARTICLE 6

### MINIMUM WAGES

**A.** The following minimum salary wage is hereby established for the categories hereinbelow listed, and the Employer agrees to pay in each of the stated periods not less than such minimum salary or wages for a forty hour, five day work week.

| CATEGORY | MINIMUM WAGE | | |
|---|---|---|---|
| | Effective 10/11/98 | Effective 12/10/99 | Effective 12/10/00 |
| Supervising Pharmacist: | $29/hr | $29/hr | $30/hr |
| Registered Pharmacist: | $28/hr | $28/hr | $29/hr |
| Graduate Pharmacist*: | $11/hr | | |
| Pharmacy Intern 4th Yr*: | $9/hr | | |
| Pharmacy Intern 5th Yr*: | $8/hr | | |
| Assistant Manager: < 10 y*: | $8.75 | $10.30/hr | $11.75/hr |
| Pharmacy Technicians: | 10/10/98 | 12/10/99 | 1/22/01 |
| At hire | $6.00/hr | $6.25/hr | $6.50/hr |
| After 6 months | $6.50/hr | $6.75/hr | $7.00/hr |
| After 12 months | $7.00/hr | $7.25/hr | $7.50/hr |
| After 18 months | $7.50/hr | $7.75/hr | $8.00/hr |
| After 24 months | $7.75/hr | $8.00/hr | $8.25/hr |
| After 30 months | $8.00/hr | $8.25/hr | $8.50/hr |
| After 36 months | $8.50/hr | $8.75/hr | $9.00/hr |
| After 5 years | $9.50/hr | $10.00/hr | $10.30/hr |
| After 10 years | $10.50/hr | $11.00/hr | $11.50/hr |
| After 15 years | $12.00/hr | $12.50/hr | $13.00/hr |

Assistant Manager 10-15
(10-15 y-s)     $10.50/hr

Assistant Manager
(15+ years)     $11.75/hr

* Pharmacy students will be considered 4th, 5th years and graduate pharmacists upon receipt of letter from the college of attendance. Their appropriate rate increase will occur the first of the months following receipt of this letter.

Page 10

NOV 03 '98 12:13

EISNER & HUBBARD, PC    2124738705          11/03 '    12:08 NO.721   15
NO...   ...OR  TUE    ...:42  UFCW  LOCAL  ...  731 5000              - P. 14

> $.50 premium over minimum rate applicable at promotion or $7.00 per hour, whichever is more.

| Part-Time Checkers-Clerks, Cashiers, Debters, Delivery Person, Persons Stockmen, Cosmeticians: | | Effective 10/10/98 | Effective 12/26/99 | Effective 3/25/00 |
|---|---|---|---|---|
| | At hire | $5.65/hr | $5.80/hr | $6.20/hr |
| | After 6 months | $6.00/hr | $6.20/hr | $6.40/hr |
| | After 12 months | $6.25/hr | $6.45/hr | $6.65/hr |
| | After 18 months | $6.50/hr | $6.70/hr | $6.90 gr |
| | After 24 months | $6.75/hr | $7.00/hr | $7.20/hr |
| | After 30 months | $7.00/hr | $7.25/hr | $7.45/hr |
| | After 36 months | $7.50/hr | $7.75/hr | $8.00/hr |
| Full-Time Checkent Clerks, Cashiers, Drivers, Delivery Person, Persons Stockmen, Cosmeticians: | | Effective 10/10/98 | Effective 12/26/99 | Effective 3/25/00 |
| | At hire | $6.00/hr | 6.00 | 6.25 |
| | After 6 months | $6.25/hr | 6.50 | 6.60 |
| | After 12 months | $6.25/hr | 6.75 | 6.85 |
| | After 18 months | $6.50/hr | 7.25 | 7.35 |
| | After 24 months | $6.75/hr | 7.75 | 8.00 |
| | After 30 months | $7.00/hr | | |
| | After 36 months | $7.50/hr | | |
| Rite Aid Express Technician | | $8.00/hour | $8.75/hour | $8.75/hour |
| Key Cashier: | | $8.50/hour | $9.34/hour | $10.30/hour |

Pharmacy students will be considered 4th, 5th years and graduate pharmacists upon receipt of letter from the college of attendance. Their appropriate rate increase will occur the first of the months following receipt of the letter.

Key Cashiers who cover for Assistant Managers shall be paid at the Assistant Manager's rate of pay.

The minimum weekly salary or wage for employees working in categories not specifically listed above or provided for, shall, as of October 11, 1999, October 9, 2000, and thereafter as of October 10, 2001, be negotiated in good faith by the Union and the Employer. Should the Union and the Employer fail to arrive at an agreement with respect to such minimum weekly salary or wage for these employees, the matter shall be submitted to arbitration in accordance with the terms and provisions of this Agreement and the award of the impartial Arbitrator shall be effective as of the dates fixed herein.

B.   In each of the aforestated periods, employees receiving salaries or wages less than the minimum provided for in Paragraph A hereof, shall be increased to said minimum, employees receiving salaries or wages equal to or in excess of the minimum provided for in Paragraph A hereof, shall continue to receive their weekly salary or wages without reduction.

Eisner & Hubbard, PC
113 University Place
New York, NY 10003
212 673 8700

Page 11