# EXHIBIT A
# Part 1

UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

1199SEIU, UNITED HEALTHCARE
WORKERS EAST,

            Plaintiff,

v.                                      07-Civ-4816 (GBD)

RITE AID CORPORATION, *et al*

            Defendants.

----------------------------------------------------------X

## THIRD DECLARATION OF NIELS HANSEN

1.    I, Niels Hansen, am over eighteen (18) years of age and am competent to testify about and have personal knowledge with regard to matters set forth herein.

2.    I am the Director of Labor Relations and Labor Counsel for Rite Aid. I have held this position for approximately 4 years. In my position as Director of Labor Relations and Labor Counsel, I am responsible for general contract negotiations, grievances, arbitrations, and NLRB proceedings and matters.

3.    On or about June 1, 2007, I received a facsimile including a letter from Levy Ratner, P.C., through Dan Ratner, 1199SEIU's General Counsel, filing for the arbitration with the American Arbitration Association for Rite Aid's "Failing to apply contract to newly acquired stores and enjoining antiunion campaigns."

4.    On June 1, 2007, AAA issued a letter to the parties confirming the Union's initiation of the arbitration, enclosing a list of arbitrators, and seeking a response. A copy of the letter is attached as Ex. 1.

5.    On June 11, 2007, I advised AAA, "...that Rite Aid believes that the Union demand to arbitrate this case is not proper and not arbitrable," and reserved Rite Aid's rights by striking the panel of potential arbitrators. A copy of the letter is attached as Ex. 2.

6.    On June 21, 2007, AAA invited comments from the Union with respect to Rite Aid's June 11 correspondence. A copy of the letter is attached as Ex. 3.

7.    The Union, through counsel, responded by letter to dated June 21, 2007, and claimed that Rite Aid's assertion that the matter was not arbitrable was "incorrect," and sought that an arbitrator "be immediately designated and a hearing scheduled." A copy of the letter is attached

as Ex. 4.

8.     The next day, June 22, AAA notified the parties that it had "carefully reviewed the contentions and positions of the parties…," and that "…in the absence of an agreement by the parties or a court order staying this matter… [AAA] will proceed with its further administration." A copy of the letter is attached as Ex. 5.

9.     The same day, AAA sent the parties an "Administrative Appointment List" of five (5) names, requesting that the parties rank the names by June 29. A copy of the letter is attached Ex. 6.

10.     On June 29, I notified AAA that Rite Aid was filing a Motion to Stay Arbitration Proceedings, reasserting our arguments that the Union's demand to arbitrate the case is not proper and not arbitrable. In reservation of Rite Aid's rights, and to ensure that the Union did not seek an *ex parte* arbitration, Rite Aid ranked the arbitrators who did not have an affiliation with the SEIU through a permanent or otherwise. A copy of the letter is attached as Ex. 7.

I HEREBY SOLEMNLY DECLARE AND AFFIRM under penalty of perjury that the foregoing facts set forth in this Declaration are true and correct to the best of my knowledge, information, and belief.

Jun 29, 2007
_____
Date

2

# EXHIBIT 1

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*New York Labor Center*

June 1, 2007

1633 Broadway, Floor 10, New York, NY 10019-6708
telephone: 212-484-3266 facsimile: 212-307-4387
internet: http://www.adr.org/

1199 SEIU, United Health
Care Workers East
310 West 43rd St.
Legal Department
New York, NY 10036

Rite Aid Corporation
PO Box 3165
Harrisburg, PA 17105

Re: 13 300 01194 07
    1199 SEIU, United Health Care Workers East
    and
    Rite Aid Corporation

Grievances:    Failing to apply contract to newly acquired stores and enjoining anti-union campaign

Dear Parties:

Daniel J. Ratner, Esq., filed with this office on May 31, 2007 a Demand for Arbitration of a controversy arising out of a Collective Bargaining Agreement between the above-named parties, containing a clause providing for the administration by this Association. We understand that a copy was sent to the Respondent. A copy of our Labor Arbitration Rules may be obtained from our web site located at:

                            http:// www.adr.org

If you would like a printed copy of these procedures please contact the undersigned.

The attention of the Respondent is directed to Section 8 of the Rules. If the Respondent does not answer within ten calendar (10) days, we will assume that the claim is denied.

In accordance with Section 12 of the Rules, the Association encloses an identical list of names selected from our Panel from which the arbitrator is to be appointed. Each party may strike the name of any unacceptable arbitrator, and then rank the remaining names in order of preference. The list is to be returned to this office within ten (10) calendar days of the date of this letter. Please note that if a party does not return the list in the time specified, all arbitrators listed therein shall be deemed acceptable.

In the event that there is not a mutual selected arbitrator from the enclosed list, the Association will submit an Administrative Appointment List of five (5) names for review and consideration.

The Association has a strict policy regarding requests for extensions. If you need to extend any deadline during the course of these proceedings, please try to obtain the other party's agreement prior to contacting the AAA. Without the consent of the parties, Case Managers only have the authority to grant one seven (7) day extension per deadline, provided that the request is reasonable and necessary. Any additional extensions can only be granted by an AAA Supervisor.

The parties are to exchange copies of all correspondence, with the exception of the arbitrator's lists.

The Association will make maximum use of fax machines when communicating in writing, and requests that the parties do the same.

AAA initial filing fees are nonrefundable.  Parties entering settlement negotiations at any time after the AAA has opened its file should take into consideration the nonrefundable fees.  AAA initial fees remain due and payable when parties settle or withdraw a matter after the filing of the demand for arbitration or submission.

In order to expedite administration, please direct all further correspondence to the undersigned at the address listed above.

Thank you.

Very truly yours,

Mariana D. Tinizhanay
Case Manager
212 484 4190
Tinizhanaym@adr.org

MDT:ads
Enclosures

## AMERICAN ARBITRATION ASSOCIATION

Re: 13 300 01194 07
    1199 SEIU, United Health Care Workers East
    and
    Rite Aid Corporation

Grievances:    Failing to apply contract to newly acquired stores and enjoining anti-union campaign

DATE LIST SUBMITTED: June 1, 2007
CASE MANAGER: Mariana D. Tinizhanay

### LIST FOR SELECTION OF ARBITRATOR(S)
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

After striking the name of any unacceptable arbitrator, please indicate your order of preference by number. We will try to appoint a mutually acceptable arbitrator who can hear your case promptly. Leave as many names as possible.

Mary Jane  Bolter
Hezekiah  Brown
Barbara C. Deinhardt
Thomas  Germano
David L. Gregory
Mark M. Grossman
Thomas D. Hartigan
Margaret Sipser  Leibowitz
Earl R. Pfeffer
Harold L. Richman
Richard J. Roth
Robert T. Simmelkjaer
Rosemary A. Townley
Marilyn H. Zuckerman
Manuel  del Valle

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Party _____

By _____ Title _____

NOTE: Biographical information is attached. Unless your response is received by the Association **WITHIN 10 CALENDAR DAYS OF THE DATE OF THIS LIST**, all names submitted may be deemed acceptable.

## AMERICAN ARBITRATION ASSOCIATION

Re: 13 300 01194 07
    1199 SEIU, United Health Care Workers East
    and
    Rite Aid Corporation

Grievances:    Failing to apply contract to newly acquired stores and enjoining anti-union campaign

DATE LIST SUBMITTED: June 1, 2007
CASE MANAGER: Mariana D. Tinizhanay

### LIST FOR SELECTION OF ARBITRATOR(S)
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

After striking the name of any unacceptable arbitrator, please indicate your order of preference by number. We will try to appoint a mutually acceptable arbitrator who can hear your case promptly. Leave as many names as possible.

Mary Jane Bolter
Hezekiah Brown
Barbara C. Deinhardt
Thomas Germano
David L. Gregory
Mark M. Grossman
Thomas D. Hartigan
Margaret Sipser Leibowitz
Earl R. Pfeffer
Harold L. Richman
Richard J. Roth
Robert T. Simmelkjaer
Rosemary A. Townley
Marilyn H. Zuckerman
Manuel del Valle

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Party _____

By _____ Title _____

NOTE: Biographical information is attached. Unless your response is received by the Association **WITHIN 10 CALENDAR DAYS OF THE DATE OF THIS LIST**, all names submitted may be deemed acceptable.

# EXHIBIT 2



**Rite Aid Corporation**

- **MAILING ADDRESS**
  P.O. Box 3165
  Harrisburg, PA 17105

- **GENERAL OFFICE**
  30 Hunter Lane
  Camp Hill, PA 17011

- (717) 761-2633

**NIELS HANSEN**
Director of Labor Relations and
Labor Counsel

June 11, 2007

*VIA FACSIMILE (212-307-4387) AND FIRST CLASS MAIL*

Mariana D. Tinizhanay, Case Manager
American Arbitration Association
1633 Broadway, Floor 10
New York, NY 10019-6708

RE:    AAA Case No. 13 300 01184 07
       1199 SEIU, United Health Care Workers East and Rite Aid Corporation
       Failing to apply contract to newly acquired stores and enjoining anti-union campaign

Dear Ms. Tinizhanay:

I am in receipt of your letter dated June 1, 2007 in the above referenced case containing a detailed list of potential arbitrators.

Please be advised that Rite Aid believes that the Union's demand to arbitrate this case is not proper and not arbitrable. We have communicated the same to the Union in a letter to Laurie Vallone, Vice President SEIU Local 1199 dated June 5, 2007, a copy of which is enclosed for your review.

In addition, Rite Aid has filed a charge with the National Labor Relations Board requesting that the Union's activities by enjoined by that organization.

For that reason, we cannot agree to participate in the arbitration.

In order to protect the record, and without waiving my objection that the matter is not arbitrable, on behalf of Rite Aid, we also strike the entire list of potential arbitrators.

Should you have any questions concerning this matter, please do not hesitate to contact me.

Very truly yours,

Niels Hansen
Director, Labor Relations and Labor Counsel

NEH/jls

Enclosure

cc:    Dan Ratner, General Counsel SEIU Local 1199

Niels Hansen
TEL: 717.973.3904
FAX: 717.975.5945
nhansen@riteaid.com

# EXHIBIT 3

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*New York Labor Center*

1633 Broadway, Floor 10, New York, NY 10019-6708
telephone: 212-484-3266 facsimile: 212-307-4387
internet: http://www.adr.org/

# FAX

Date: June 21, 2007

To
1199 SEIU, United Health Care Workers East
310 West 43rd St.
Legal Department
New York, NY 10036

Niels Hansen
Director Labor Relations
Rite Aid Corporation
P. O. Box 3165
Harrisburg, PA 17105

Fax Number: 212-857-4276        717-975-5945

From: Mariana D. Tinizhanay

Number of Pages:

Re: 13 300 01194 07
1199 SEIU, United Health Care Workers East
and
Rite Aid Corporation

Grievances:        Failing to apply contract to newly acquired stores and enjoining anti-union campaign

MESSAGE:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS
ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR
OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE
PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY
NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS
FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED
ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

*New York Labor Center*

June 21, 2007

1633 Broadway, Floor 10, New York, NY 10019-6708
telephone: 212-484-3266 facsimile: 212-307-4387
internet: http://www.adr.org/

1199 SEIU, United Health Care Workers East
310 West 43rd St.
Legal Department
New York, NY 10036

Niels Hansen
Director Labor Relations
Rite Aid Corporation
P. O. Box 3165
Harrisburg, PA 17105

Re: 13 300 01194 07
    1199 SEIU, United Health Care Workers East
    and
    Rite Aid Corporation

Grievances:    Failing to apply contract to newly acquired stores and enjoining anti-union campaign

Dear Parties:

This will acknowledge receipt of a letter dated June 11, 2007, from Niels Hansen. We note a copy of same was sent to the Union.

At this time we request the comments from the Union with respect to the above letter. Said comments are to be received by the Association on or before **June 28, 2007.**

Very truly yours,

Mariana D. Tinizhanay
Case Manager
212 484 4190
Tinizhanaym@adr.org

# EXHIBIT 4

# LEVY RATNER, P.C.

Attorneys at Law
80 Eighth Avenue
New York, New York 10011-5126

Telephone (212) 627-8100
Telecopier (212) 627-8182

Richard A. Levy
Daniel J. Ratner
Daniel Engelstein ◦
Gwynne A. Wilcox ◾
Pamela Jeffrey
Owen M. Rumelt ◾
Kevin Finnegan
Carl J. Levine
David Slutsky ◦
Allyson L. Belovin ◾
Susanne Hopmere

Ezekiel D. Carder ◾
César F. Rosado ◦
Dana E. Lossia ▾
Sara D. Newmann ◾
Susan J. Cameron ◾

Senior Counsel:
Richard Dorn
Jennifer J. Middleton ◾
Paul Schachter ◦
Denise Reinhardt ◾

Counsel:
Anthony DiCaprio
Michael Steven Smith
David P. Horowitz ▾

June 21, 2007

## BY FACSIMILE AND
## FIRST-CLASS MAIL

Mariana D. Tinizhanay
Case Manager
American Arbitration Association
1633 Broadway Floor 10
New York, NY 10019-6708

Re:    1199SEIU, United Healthcare Workers East and Rite Aid

Dear Ms. Tinizhanay:

This firm represents 1199SEIU United Healthcare Workers East ("Union") in the above referenced matter. We are in receipt of Niels Hansen's June 11, 2007 letter to you. As an initial matter, Hansen's claim that this matter is not arbitrable is incorrect. In any event, arguments as to the arbitrability of a dispute are to be made before the arbitrator. Absent a court order staying this arbitration, the American Arbitration Association should process this matter as expeditiously as possible. As Rite Aid has refused to participate in the arbitrator selection process and has stricken the entire list of potential arbitrators, the first selected Arbitrator from the Union's list should be immediately designated and a hearing scheduled.

Please do not hesitate to call me if you have any questions regarding this matter.

Very truly yours,

Allyson L. Belovin

cc:    Michael L. Rifkin
Daniel J. Ratner, Esq.

{Worldox Files\1199\123\02\07037346.DOC}

◾ Admitted in NY, MA and DC    ▪ Admitted in NY, NJ and PA    ◾ Admitted in NY and DC    ◾ Admitted in NY and NJ    ▪ Admitted in NY and CT
◦ Admitted in NY and CA    ◾ Admitted in NY and PR    ▾ Admitted in NY, NJ and CA    ◾ Admitted in NJ only    ◾ Admitted in NY, NJ and PR    ▪ Admitted in NY and MA

# EXHIBIT 5



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*New York Labor Center*

1633 Broadway, Floor 10, New York, NY 10019-6708
telephone: 212-484-3266 facsimile: 212-307-4387
internet: http://www.adr.org/

# FAX

Date:  June 22, 2007

To
1199 SEIU, United Health Care Workers East
310 West 43rd St.
Legal Department
New York, NY  10036      **Attn: Allyson Belovin**

Niels Hansen
Director Labor Relations
Rite Aid Corporation
P. O. Box  3165
Harrisburg, PA  17105

Fax Number: **212-857-4276**      **717-975-5945**      **212-627-8182**

From:  Mariana D. Tinizhanay

Number of Pages:

Re: 13 300 01194 07
    1199 SEIU, United Health Care Workers East
    and
    Rite Aid Corporation

Grievances:      Failing to apply contract to newly acquired stores and enjoining anti-union campaign

MESSAGE:  {{message}}

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS
ADDRESSED.  IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR
OTHERWISE EXEMPT FROM DISCLOSURE.  IF YOU ARE NOT THE INTENDED RECIPIENT OR THE
PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY
NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED.  IF YOU HAVE RECEIVED THIS
FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED
ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

*New York Labor Center*

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

1633 Broadway, Floor 10, New York, NY 10019-6708
telephone: 212-484-3266 facsimile: 212-307-4387
internet: http://www.adr.org

June 22, 2007

Via facsimile

1199 SEIU, United Health
Care Workers East
310 West 43rd St.
Legal Department
New York, NY  10036

Niels Hansen
Director Labor Relations
Rite Aid Corporation
P. O. Box  3165
Harrisburg, PA  17105

Re: 13 300 01194 07
     1199 SEIU, United Health Care Workers East
     and
     Rite Aid Corporation

Grievances:    Failing to apply contract to newly acquired stores and enjoining anti-union campaign

Dear Parties:

This will acknowledge receipt of a letter dated June 11, 2007 from Niels Hansen, a copy of which we note has been sent to Daniel Ratner, Esq., SEIU Local 1199.

We also acknowledge receipt of a letter dated June 21, 2007 from Allyson Belovin, Esq. We are enclosing a copy of same to the Employer.

The Association has carefully reviewed the contentions and positions of the parties as set forth in their correspondence. The Union has met the filing requirements of the rules by the filing of a demand for arbitration providing for administration by the American Arbitration Association under its rules.

Accordingly, in the absence of an agreement by the parties or a court order staying this matter, the Association will proceed with its further administration. The parties may wish to raise this issue with the arbitrator at or prior to the hearing.

Very truly yours,

Mariana D. Tinizhanay
Case Manager
212 484 4190
Tinizhanaym@adr.org

# EXHIBIT 6

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*New York Labor Center*

June 22, 2007

1633 Broadway, Floor 10, New York, NY 10019-6708
telephone: 212-484-3266 facsimile: 212-307-4387
internet: http://www.adr.org/

1199 SEIU, United Health Care Workers East
310 West 43rd St.
Legal Department
New York, NY 10036

Niels Hansen
Director Labor Relations
Rite Aid Corporation
P. O. Box 3165
Harrisburg, PA 17105

**RECEIVED ON**

**JUN 2 8 2007**

**HUMAN RESOURCES**

Re: 13 300 01194 07
    1199 SEIU, United Health Care Workers East
    and
    Rite Aid Corporation

Grievances:    Failing to apply contract to newly acquired stores and enjoining anti-union campaign

Dear Parties:

Please be advised that the list selections received did not result in a mutual selection; therefore enclosed please find an <u>Administrative Appointment List</u> of five (5) names for your review and consideration.

We ask that you indicate your order of preference by numbering all of the names listed. Arbitrator selections must be returned to this office by **June 29, 2007**. If we do not receive a party's rankings by the due date all arbitrators will be deemed equally acceptable.

Also, please note that you may release names from the previous list in an attempt to identify a mutually acceptable arbitrator. Released names must accompany your administrative appointment rankings and any match resulting from the release of these names will take precedence over the administrative appointment.

Thank you for your attention to this matter.

Very truly yours,

Mariana D. Tinizhanay
Case Manager
212 484 4190
Tinizhanaym@adr.org

Enclosures

# AMERICAN ARBITRATION ASSOCIATION

Re: 13 300 01194 07
    1199 SEIU, United Health Care Workers East
    and
    Rite Aid Corporation

Grievances:    Failing to apply contract to newly acquired stores and enjoining anti-union campaign

DATE LIST SUBMITTED: June 22, 2007
CASE MANAGER: Mariana D. Tinizhanay

## LIST FOR SELECTION OF ARBITRATORS
*****************************************************************************
Please indicate your order of preference by numbering all of the names listed. You may also release names from the previous list in an attempt to identify a mutually acceptable arbitrator. Any match as a result of releasing names will take precedence over the Administrative Appointment. We will try to appoint a mutually acceptable arbitrator who can hear your case promptly.

Ralph S. Berger
Robert L. Douglas
Howard C. Edelman
Susan T. Mackenzie
Jay Nadelbach

■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■

*****************************************************************************

Party _____


By _____ Title _____


*NOTE: Biographical information is attached. Unless your response is received by the Association* **WITHIN 7 DAYS OF THE DATE OF THIS LIST,** *all names submitted shall be deemed acceptable.*

# AMERICAN ARBITRATION ASSOCIATION

Re: 13 300 01194 07
1199 SEIU, United Health Care Workers East
and
Rite Aid Corporation

Grievances:    Failing to apply contract to newly acquired stores and enjoining anti-union campaign

DATE LIST SUBMITTED: June 22, 2007
CASE MANAGER:  Mariana D. Tinizhanay

### LIST FOR SELECTION OF ARBITRATORS
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please indicate your order of preference by numbering all of the names listed. You may also release names from the previous list in an attempt to identify a mutually acceptable arbitrator. Any match as a result of releasing names will take precedence over the Administrative Appointment. We will try to appoint a mutually acceptable arbitrator who can hear your case promptly.

Ralph S. Berger
Robert L. Douglas
Howard C. Edelman
Susan T. Mackenzie
Jay Nadelbach

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Party _____

By _____ Title _____

*NOTE: Biographical information is attached. Unless your response is received by the Association*
***WITHIN 7 DAYS OF THE DATE OF THIS LIST****, all names submitted shall be deemed acceptable.*

**Contact** American Arbitration Association
1633 Broadway, Floor 10
New York, NY 10019
**telephone: 212-484-3266  facsimile: 212-307-4387**

**Labor Panel**
**Ralph S. Berger, Esq.**

**Current Employer-Title** Self-employed

**Occupation** Arbitrator, Mediator, Fact-finder

**Experience** Extensive private and public sector arbitration experience. Member of the following panels: National Mediation Board; Federal Mediation and Conciliation Service; New York State Human Rights Arbitration Panel; New York State Public Employment Relations Board; New Jersey State Board of Mediation; New York State Department of Education; New York City Office of Collective Bargaining; New York City HHC; Dade County, Florida, Hearing Examiner System; New York-New Jersey Port Authority Employment Relations Panel. Faculty, AAA Labor Arbitrator II Training.

**Issues** Contract interpretation, discharge, discipline, interest arbitration.

**Industries** Education, entertainment, health care, service, sports, transportation, utilities.

**Permanent Arbitrator** League of Voluntary Homes and Hospitals of NY & 1199; TWA & ALPA; UPS & IBT, 804; Major League Baseball Player Relations Committee & Players Association; Unisys & IUE; Con Ed & Utility Workers; New York/New Jersey Port Auth. & TWU/BTU/CWA/SOA; New York City Board of Education & UFT; League of American Theatres & Producers & AFM, 802/Actors' Equity; Alliance of Motion Picture and Television Producers & SAG/AFTRA; 1199 Home Care Industry Benefit Fund; Restaurant League of NY & HERE, 100; Jamaica Hospital & SEIU, 144; Merck & OCAW; Barneys/Brooks Bros. & UNITE, 340; Rutgers University & AAUP; CCC-ILA Program for Drug & Alcohol Abuse; Orange County & CSEA, 1000; National Hockey League & National Hockey League Players Association; EL AL & IAMAW; U.S. Air & AFA; UPS & IBT, 177; Columbia University & UAW, 2110; Barnard College & TWU, 264; PJGI & NYSNA; Coach & UFCW, 342-50; GHI & OPEIU, 153; Macy's & RWDSU, 1; Bergen Medical Center & AFSCME, 52; New York City Board of Education & CSA; NEW YORK DAILY NEWS & Newspaper & Mail Deliverers; Verizon & IBEW, 827; CUNY & PSC.

**Work History** Arbitrator and Mediator, self-employed, 1982-present; Lecturer, Cornell University, NYSSILR, 1981-present; Trial Examiner, New York City Office of Collective Bargaining, 1981-85; Attorney, National Labor Relations Board, 1978-81.

**Education** Cornell University (BS, Industrial and Labor Relations-1974); Hofstra University

*Ralph S. Berger, Esq.*
*128643*

(JD-1978).

**Professional Associations**   National Academy of Arbitrators; NYS Bar Association (ADR Section, Labor and Employment Section); Labor and Employment Relations Association.

**Professional Licenses**   Admitted to the Bar, New York, 1979; U.S. District Courts: Eastern (1979) and Southern (1979) Districts of New York; U.S. Supreme Court, 2006.

**Publications and Speaking Engagements**   "Arbitral Decision-Making: Confronting Current and Recurrent Issues, Proceedings of the 56th Annual NAA Meeting," (adapted from presentation), 2004 - "What Arbitrators Really Need to Know in Health Care Arbitration"; "Differences in Arbitrating Labor and Employment Disputes," NEW YORK LAW JOURNAL, July 10, 1996, adapted from presentation made at AAA's Employment Orientation Seminar, May 1996; various articles, speeches at conferences, and lectures on contemporary workplace issues, including drugs, violence, alcohol, and AIDS in the workplace.

**Alternative Dispute Resolution Training**   National Academy of Arbitrators, Annual Meeting, 2007; AAA Chairing an Arbitration Panel: Managing Procedures, Process & Dynamics (ACE005), 2006; Faculty, AAA Labor Arbitrator II Training: Advanced Case Management Issues, 2006, 2004, 2003; AAA Arbitration Awards: Safeguarding, Deciding & Writing Awards (ACE001), 2005; AAA Pro Se: Managing Cases Involving Self-Represented Parties (ACE002), 2003; AAA Employment Arbitrator II Training:  Advanced Case Management Issues, 2002; AAA Arbitrator Update 2001; Alliance for Education in Dispute Resolution, Department of Labor Mediator Training Program, 2000; presenter and participant, AAA/Cornell/National Academy of Arbitrators, Arbitration of Statutory Employment Disputes, 1998; presenter and participant, AAA Employment Arbitrator Training, 1996; AAA Commercial Arbitration Training, 1995; New York State Division of Human Rights, Arbitration Panel Training.

**Compensation**          $1,600.00 Per Day
Per diem rate charged for cancellation/postponement fee unless notice is received more than 21 days in advance of the scheduled date of hearing.  Travel expenses and time will be billed if applicable. Offices in New York City and Miami, Florida.

**Citizenship**  United States of America

**Locale**  Brooklyn, NY

*Ralph S. Berger, Esq.*
*128643*

**Contact** American Arbitration Association
1633 Broadway, Floor 10
New York, NY 10019
**telephone: 212-484-3266  facsimile: 212-307-4387**

**Labor Panel**

**Robert L. Douglas, Esq.**

**Current Employer-Title**   Self-employed / Arbitrator, Mediator

**Occupation**   Arbitrator - Attorney

**Experience**   Full time arbitrator in public & private sectors.

**Issues**   Alcohol/drug abuse, arbitrability, contract interpretation, discipline, health and disability, rates of pay, subcontracting and work assignment.

**Permanent Arbitrator**   NW Airlines & IAM; Con Ed & Utility Workers; NYS Thruway & CSEA; US Airways & AFA/CWA; Aloha Airlines & AFA; Central Hudson Gas & Electric & IBEW; Alaska Airlines & IAM; Stop and Shop & UFCW; Columbia University & UAW/TWU; Continental & IAM; FedEx & ALPA; Atlas Air & ALPA; Montana Rail Link & ACRE; Bituminous Coal Operators & UMW; Sun Airlines & ALPA; Air Wisconsin & ALPA; Council of Supervisors and Administrators and NYC Dep't of Education; Jamaica Hospital & 1199 NHHSE, SEIU; American Airlines & APA; SEPTA & BMWE/TWU/TCU; City Centre & IATSE; Waste Management & IBT; Pearl Paint & UNITE.

**Work History**   Arbitrator/mediator, 1980-present. Special Professor of Law (Dispute Settlement, Employment Law, Sports Law)/Senior Assistant Dean, Hofstra University School of Law, 1982-94; Adjunct Professor (Business Law, Insurance, Finance), City University of New York, 1979-85. Apprentice Arbitrator, 1979-82; Assistant Executive Director, Service Employers Association, 1979; Counsel to Board Member, NLRB, 1976-77.

**Education**   Cornell University (BS-1973); Hofstra University (JD-1976); New York University (LLM-1987).

**Professional Associations**   National Academy of Arbitrators; National Association of Railroad Referees; New York State Bar Association; Society of Federal Labor Relations Professionals.

**Professional Licenses**   Admitted to the Bar: District of Columbia, 1977; New York, 1978; U.S. District Courts of New York, 1978.

*Robert L. Douglas, Esq.*
*123324*

**Publications and Speaking Engagements**  Various law review articles on arbitration, statutory interpretation and remedies; contributing editor, THE RAILWAY LABOR ACT, BNA, 1995.

**Alternative Dispute Resolution Training**  AAA Labor Arbitrator II Training, New York, 12/03; AAA Commercial Arbitrator Training, New York, 10/95; faculty, AAA Arbitration Workshops; AAA, Cornell University, Hofstra Law School Minority Arbitrator Training Program; various other ADR training.

**Compensation**      $1,500.00  Per Day
Charge for cancellation if less than 15 full business days' notice are provided prior to adjournment or cancellation of hearing.

**Citizenship**  United States of America

**Locale**  Woodmere, NY

*Robert L. Douglas, Esq.*
*123324*

**Contact** American Arbitration Association
1633 Broadway, Floor 10
New York, NY 10019
telephone: 212-484-3266  facsimile: 212-307-4387

**Labor Panel**

## Howard C. Edelman, Esq.

**Occupation**  Arbitrator

**Experience**  Full-time arbitrator in private and public sectors, including health care, airlines, building service, entertainment, printing, utilities, state and municipal employees, transit, and teachers. Instructor for the New York State SILR.

**Issues**  Discharge, discipline, job incentives, management rights, promotion and upgrading, salary and fringe benefits, seniority, subcontracting, transfer.

**Permanent Arbitrator**  United Parcel Service & IBT - National; A&P & Local 342; State of NY & CSEA (patient abuse); AFSCME/UUP & PEF; State of NJ & CWA; ABC-TV & NABET: League of Resident Theaters and Actors' Equity; Brookhaven Memorial Hospital & Federation of Nurses; Building Services Industry & SEIU; NYC Transit Authority & SSSA; Con Edison & Utility Workers; LIU & CW Post Collegial Federation; Port Authority & PBA; Suffolk County & Correction Officers; Beth Israel Hospital & 1199.

**Work History**  Arbitrator, Self-Employed, 1982-present; Director/Representative, New York State United Teachers, 1972-82; Teacher, Great Neck Public Schools, 1966-72.

**Education**  Brooklyn College (BA-1964); University of Wisconsin (MA-1965); New York Law School (JD, valedictorian-1982).

**Professional Associations**  National Academy of Arbitrators (New York Region, Former Chair); Industrial Relations Research Association.

**Professional Licenses**  Admitted to the Bar, New York, 1983. Licensed School Administrator, New York, 1972.

**Publications and Speaking Engagements**  Lecturer on "Labor Arbitration" and "Arbitration Advocacy" for the American Arbitration Association.

**Alternative Dispute Resolution Training**  AAA Dealing With Delay Tactics in Arbitration (ACE004), 2006; ACE001 - Arbitration Awards: Safeguarding, Deciding & Writing Awards, 12/05; ACE003 - Arbitrator Ethics & Disclosure, 11/04; AAA Labor Arbitrator II Training:

Advanced Case Management Issues, New York, 12/03; AAA Employment Arbitrator II Training: Advanced Case Management Issues, New York, 3/02; AAA Arbitrator Update 2001; AAA Employment Arbitrator Training, New York, 12/99; AAA Employment Orientation Seminar, 5/96; AAA Labor Arbitration Lecturer, 1995.

**Compensation**       $1,700.00 Per Day
Per-diem cancellation fee if less than three weeks' notice.


**Citizenship**  United States of America


**Locale**  Rockville Centre, NY

*Howard C. Edelman, Esq.*
*125487*

**Contact** American Arbitration Association
1633 Broadway, Floor 10
New York, NY 10019
telephone: 212-484-3266  facsimile: 212-307-4387

**Labor Panel**
**Susan T. Mackenzie, Esq.**

**Current Employer-Title**   Self-employed

**Occupation**   Arbitrator, Mediator, Attorney

**Experience**   Over 30 years as an arbitrator and mediator in private and public sectors, labor-management, employment discrimination, commercial and health care disputes. Court designated referee, Breast Implant Litigation and Dalkon Shield Arbitrator. Faculty, AAA Labor Arbitrator II Training. Invited participant, Aspen Institute Seminar on Justice and Society, summer 2004.

**Industries**   Airlines, chemical, communications, education, energy, entertainment/arts, food, government, health care, maritime, manufacturing, retail, service, transportation, utility.

**Permanent Arbitrator**   AT&T & IBEW Local 21; American Eagle & Association of Flight Attendants; Brookhaven Medical Center & FNHP; CBS & Directors Guild of America; UPS/Hudson Armored Car & IBT; Con Ed/NY Power Authority & UWUA; Hoechst-Colanese & ACTWU; GE & IUE; Verizon/AT&T/Vassar College & CWA; Dow Jones & IAPE; Inhilco & HWU; US Department of Defense & OFT; USPS & NALC; NYS/Nassau County & CSEA; US Customs Service/IRS & NTEU; City University of NY & PSC; NYCBOE & UFT; City of Ithaca & PBA; League of Voluntary Hospitals & 1199; Lifespire & CSEA Local 1000; Merck & USW Local 4-575; NBC & WGA; NY Unified Court System/TBTA & D.C. 37; Suffolk County Water Authority & UWA; US Air & CWA; School Construction Authority ADR; Suffolk School Employees Health Plan; East End Health Plan; Rutgers University Faculty Mediation and Arbitration. Federal Aviation Authority Appeals Panel.

**Work History**   Arbitrator and Mediator, Self-employed, 1975-present; Adjunct Professor, Cardozo School of Law, 1996-present; Instructor, NYSSILR/Cornell University, 1975-present; Partner, Wittenberg, Mackenzie & Shaw, LLC, 1995-97; Senior Research Associate, New York State Commission on Management & Productivity, 1977-78.

**Education**   Smith College (BA-1969); Cornell University (MS-1975); Columbia University (JD-1979).

**Professional Associations**   National Academy of Arbitrators (Board of Governors; Foundation on Research and Education, Vice President); Association of the Bar of the City of New York (Labor and Employment Law Committee, Past Chair); New York State Bar Association (Labor

*Susan T. Mackenzie, Esq.*
*128387*

and Employment Law Committee; ADR Committee); American Bar Association (Labor and
Employment Law Committee; ADR Committee); Society of Professionals in Dispute Resolution
(Joint Committee on ADR, Employment Law and Public Policy); Institute for Women and Work,
NYSSILR-Cornell University (Advisory Board, Past Chair); Hudson Valley Shakespeare Festival
(Vice President; Board of Directors); American Bar Foundation (Fellow); College of Labor and
Employment Lawyers (Fellow); Cornell University (Labor and Employment Law Program, Advisory
Board).

**Professional Licenses**    Admitted to the Bar, New York, 1980.

**Publications and Speaking Engagements**    "Acts of Discrimination Constituting
Misconduct or a Mitigating Circumstance," COMMON LAW OF THE WORKPLACE, 2ed., BNA
Books, 2005; "How Mediators View Their Role," HOW ADR WORKS, BNA, 2002; "Effective
Mediation Advocacy," ALI-ABA's PRACTICE CHECKLIST MANUAL ON ALTERNATIVE
DISPUTE RESOLUTION, American Law Institute, January 2002; "A Mediator's Perspective on
Effective Mediation Advocacy," 12 PRACTICAL LITIGATOR 17, May 2001; "Mediation Civil
Rights Law in Transition," FORDHAM URBAN LAW JOURNAL, vol. 27, April 2000; co-author,
"Employment Arbitration," ARBITRATION NOW, 1999; "Flexibility in Resolving Wrongful
Termination Disputes," RESOLVING WRONGFUL TERMINATION DISPUTES:  WHAT
PLAINTIFFS & DEFENDANTS NEED TO KNOW, Practicing Law Institute, 1998; "Internal
Investigations from the Perspective of the Outside Neutral," 82 EMPLOYMENT LAW
COUNSELOR 15, June 1997; co-author, "Employment Disputes," MEDIATING LEGAL
DISPUTES:  EFFECTIVE STRATEGIES FOR LAWYERS AND MEDIATORS, Little Brown &
Company, 1996; "Resolving Sexual Harassment Claims Through ADR," PROCEEDINGS OF THE
40TH ANNUAL NATIONAL CONFERENCE ON LABOR, Little Brown & Co., 1994; "Arbitration
and the ADA," LABOR AND EMPLOYMENT LAW NEWSLETTER, vol. 19, no. 1, March 1994.

SPEAKING ENGAGEMENTS:  Lectures frequently on ADR and employment law, including
programs sponsored by Practising Law Institute, American Bar Association, Fordham University
School of Law, Baruch University, National Academy of Arbitrators, Cornell, New York State Bar
Association, and the Association of the Bar of the City of New York.

**Alternative Dispute Resolution Training**    NAA Beyond the Protocol: The Future of
Due Process in Workplace Dispute Resolution, 2007; ICDR The Common Law/Civil Law Gap: The
Issues and How International Arbitrators May Resolve Them, 2006; New York State Court,
Commercial Division Mediation Training, 2005; NAA Advocacy Training Program, 2005; ABCNY
Mediation Training Program, 2005; Cardozo School of Law, Mediation Advocacy Program, 2005;
AAA Arbitrator Ethics & Disclosure (ACE003), 2004; faculty, AAA Labor Arbitrator II Training:
Advanced Case Management Issues, 2003; AAA Labor Train the Trainer, 2003; AAA Arbitrator
Update 2001; AAA Employment Arbitrator II Training: Advanced Case Management Issues, 2002;
Presenter, AAA National Mediator Conference, 2000; AAA Employment Arbitrator Training, 1999;
AAA Commercial Arbitrator Training, 1999; EEOC, NY Region Staff Mediator Training, 1997;
various other ADR training.

*Susan T. Mackenzie, Esq.*
*128387*

**Contact** American Arbitration Association
1633 Broadway, Floor 10
New York, NY 10019
**telephone: 212-484-3266  facsimile: 212-307-4387**

**Labor Panel**
**Jay Nadelbach, Esq.**

**Occupation**   Arbitrator, Mediator

**Experience**   Member of the National Academy of Arbitrators. Extensive experience as an arbitrator in both private and public sectors, sexual harassment, and employment discrimination cases. Also serves as designated grievance mediator in the New York City public-funded day care industry, hearing grievances filed by C.S.A and D.C. 1707.

**Issues**   Arbitrability, Discharge, discipline, discrimination, contract interpretation, wages, salary, promotion, seniority and all other workplace issues.

**Permanent Arbitrator**   Pinebush, Monticello, and Ellenville School Districts & SEIU; GE & IUE; State of New York & CSEA; NYS Education Dept.; BMY Combat Systems & Steelworkers; Association of Voluntary Nursing Homes & National Health and Human Service Employees Union, Local 1199 (grievance-mediation); Pepsi Cola Bottling Company of NY & Teamsters (contract arbitrator); CSA & New York City Board of Education; AFSCME Council 52 (New Jersey) and Bergen Regional Medical Center; SEIU and Co-op City; APFA and American Airlines; Support Staff and Columbia University.

**Work History**   Director, Labor Relations Mediation Service, Day Care Council of New York, 1980-present; Counsel, Agency for Child Development, New York City Human Resources Administration, 1978-80; Attorney/Editor, Prentice-Hall, Inc., 1976-78; Law Clerk, Cardillo & Corbett, 1974-75; Intern, New York City Office of Labor Relations, 1976.

**Education**   Yeshiva University (BA-1973); Hofstra University (JD-1976).

**Professional Associations**   National Academy of Arbitrators; New York State Bar Association; American Bar Association; Society of Professionals in Dispute Resolution; Industrial Relations Research Association; Federal Mediation and Conciliation Service.

**Professional Licenses**   Admitted to the Bar, New York, 1977.

**Alternative Dispute Resolution Training**   AAA Labor Arbitrator II Training, Boulder, 10/03; New York Commercial Mediation Training, 8/84; American Bar Association/Nassau County, Statutory Employment Arbitration Training, 3/97. National Mediation Board Referee Training, 11/96; various other ADR training.

*Jay Nadelbach, Esq.*
*28521*

**Compensation**      $1,500.00 Per Day

Cancellation fee within 15 working days. Travel expenses outside New York City or Philadelphia metro area, including airfare, car rental, cab, lodging, tolls, parking &/or mileage (meals not charged). On scheduled hearing days, travel over 3 hours one way billed on prorated P/D. Travel on days other than hearing days (due to location/start time) billed prorated P/D.  Maintains Philadelphia office.

**Citizenship**  United States of America

**Locale**  Flushing, NY

*Jay Nadelbach, Esq.*
*28521*

# EXHIBIT 7



**RITE AID**

● **MAILING ADDRESS**
P.O. Box 3165
Harrisburg, PA 17105

● **GENERAL OFFICE**
30 Hunter Lane
Camp Hill, PA 17011

● **Telephone (717) 761-2633**

June 29, 2007

Mariana D. Tinizhanay
Case Manager
American Arbitration Association
1633 Broadway, Floor 10
New York, New York 10019-6708

*VIA FACSIMILE (212) 307-4387*

Re:    AAA case No. 13 300 01194 07
       1199 SEIU, United Health Care Workers East and Rite Aid Corporation
       Failing to apply contract to newly acquired stores and enjoining anti-union
       campaign.

Dear Ms. Tinizhanay:

We write in response to your two letters of June 22, 2007. The first adopts, without any
basis in fact or law, the Union's assertion that the arbitration should move forward. The
second provides an Administrative Appointment list.

We must address at the outset that we are concerned with the manner in which this case
has been handled. We note that you faxed to us your June 22nd letter adopting the union's
view of arbitrability (which it had provided to you approximately 24 hours earlier), but
sent by regular mail (with no fax to us) your June 22nd letter enclosing the Administrative
Appointment list. The list was received by this office just yesterday, one day prior to the
date upon which you demanded we respond. This puts us at a clear disadvantage.
AAA should stay its processing of this arbitration, including the selection of an arbitrator,
because (i) the underlying issue is not arbitrable, (ii) the issue of the arbitrability of this
dispute is pending before a federal court, based upon a lawsuit filed by SEIU; (iii) a
substantive issue presented by the Union in this arbitration is currently before the Region
2 office of the NLRB, (iv) Rite Aid filed a Motion to Stay this arbitration, and (v) the
Union's own counsel admitted in open court that the goal sought to be obtained by this
arbitration is an unlawful one.

**I.     The Underlying Issue Is Not Arbitrable.**

As noted in our June 11, 2007 correspondence to AAA, the Union's demand to arbitrate
this case is not proper because this dispute is not arbitrable. *The Union's simple denial of
this legal principle does not make it so.*

*Niels Hansen*
*TEL: 717.972.3904*
*FAX: 717.975.5945*
*nhansen@riteaid.com*

There is no basis upon which an arbitrator may assume jurisdiction over this matter, because it is not covered by or part of the parties' collective bargaining agreement, and, therefore, is not subject to the grievance and arbitration procedure. Second, the key underlying issue of this arbitration relates to representation, which falls within the primary jurisdiction of the NLRB. Finally, even assuming *arguendo* that the dispute is covered by the parties' Agreement, the relief sought by the Union is unlawful on its face.

## II.    The Issue of Arbitrability Is Now Pending Before The United States District Court for the Southern District of New York in Two Pieces of Litigation.

In its June 21, 2007, letter to AAA, the Union declared that the issue is best presented to the arbitrator. However, on June 6, 2007, the Union filed a lawsuit under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, putting the issue of arbitrability of this dispute before a Federal Court. (Attached as Exhibit 1).

Rite Aid filed a Motion to Dismiss the Union's lawsuit with the Court, arguing that the Union's arbitration demand is illegal and therefore not arbitrable. This Motion is still pending. Interestingly, under the Court's rules, the Union's Opposition to Defendants' Motion to Dismiss was due June 29, 2007, but the Union requested an extension of time until July 13, 2007, to file its Opposition. (Attached as Exhibit 2). Thus, given the Union's own delay, there can be no valid claim that the Union would be prejudiced by AAA's stay of further administration of this case, pending judicial resolution.

## III.    The Substantive Issue To Be Decided Is Currently Before Region 2 Of The NLRB.

Consistent with its position, on June 5 and June 14, 2007, Rite Aid filed charges with the National Labor Relations Board requesting that the Union be enjoined from its efforts to automatically apply the current labor contract between the parties to Rite Aid's 180 newly acquired Brooks and Eckerd stores (with approximately 3,500 employees) without any showing of a majority of interest among those employees violate the NLRA. (Attached as Exhibits 3 and 4).

The Union's demand seeks an arbitrator's order to unlawfully apply a collective bargaining agreement to thousands of employees who have never demonstrated majority support for the Union.

## IV.    Rite Aid Has Filed A Motion To Stay This Arbitration.

Today, Rite Aid filed a Motion to Stay this arbitration pending the Court's ruling on Rite Aid's Motion to Dismiss. Given that the Union and Rite Aid both agree by their actions

*Niels Hansen*
*TEL: 717.972.3904*
*FAX: 717.975.5945*
*nhansen@riteaid.com*

that the question of arbitrability of this dispute should be resolved by the Court, the AAA should stay its processing of this arbitration until the Court has decided this important question.

## V.  The Union Admitted That Its Stated Goal Is Unlawful.

Indeed, the Union admitted in its Memorandum of Law in Support of its Motion for A Preliminary Injunction In Aid of Arbitration that it must demonstrate majority support before an accretion clause would apply. See Exhibit 5 p.. 10. As of today, however, the Union has not modified its arbitration demand that the contract be applied automatically to 3,500 employees without any showing of majority support for the Union. By the Union's own admission, therefore, its objectives in this arbitration are illegal.

## VI.  Arbitrator Selection

Without waiving and in full reservation of all of Rite Aid's rights and positions concerning this matter, and solely to ensure that the Union does not obtain arbitration of this important dispute on an *ex parte* basis, Rite Aid will supply its ranking of arbitrators. Per the instruction in your June 22nd letter, we have released some of the names from the June 11th list, and ranked them along with the Administrative Appointment list:

> Howard Edelman
> Susan MacKenzie
> Rosemary Townley
> Richard Roth

Should you have any questions concerning this matter, please do not hesitate to contact me.

Very truly yours,

Niels Hansen
Director, Labor Relations and Labor Counsel

cc.  Dan Ratner, General Counsel SEIU Local 1199

*Niels Hansen*
*TEL: 717.972.3904*
*FAX: 717.975.5945*
*nhansen@riteaid.com*