UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
1199SEIU, UNITED HEALTHCARE
WORKERS EAST,   :   07 Civ. 4816
:
                Plaintiff,   :   **FIRST AMENDED**
:   **COMPLAINT**
     -against-   :
:
RITE AID CORPORATION   :
:
               Defendant.   :
------------------------------------------------------------X

     Plaintiff 1199SEIU United Healthcare Workers East, affiliated with the Service Employees International Union ("1199" or "Union"), by its undersigned attorneys, Levy Ratner, P.C. for its Complaint against Rite Aid Corporation alleges:

### NATURE OF THE ACTION

     1.    This is an action to compel arbitration pursuant to the collective bargaining agreement between 1199 and Defendant Rite Aid Corporation ("Rite Aid") of arbitrable disputes. The disputes involve Rite Aid's threatened refusal to apply the terms of the parties' collective bargaining agreement ("CBA") to drug stores acquired by Rite Aid pursuant to a merger between Rite Aid and The Jean Coutu Group (PJC), Inc. ("Coutu Inc."), and Defendant's union avoidance campaign directed towards employees at those stores which is in violation of both the CBA and the parties' neutrality agreement.

### JURISDICTION AND VENUE

     2.    This Court has federal question jurisdiction based upon Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185. This action is

properly before this Court pursuant to LMRA §301(c), which permits lawsuits by a labor organization in the district of its principal place of business.

## PARTIES

3. Plaintiff 1199 is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5), with its principal place of business at 310 West 43rd Street, New York, New York 10036. It is the collective bargaining representative for approximately 250,000 employees in New York and throughout the east coast of the United States, including approximately 6,500 pharmacists, pharmacy technicians, pharmacy interns, clerks, stock persons, shift supervisors, assistant managers and other employees employed by Defendant Rite Aid.

4. Defendant Rite Aid is an employer within the meaning of NLRA §2(2), 29 U.S.C. §152(2), in an industry affecting commerce within the meaning of NLRA §2(7), 29 U.S.C. §152(7), with a principal place of business at 30 Hunter Lane, Camp Hill, Pennsylvania.

5. Defendant Rite Aid operates retail drug stores and pharmacies.

## THE COLLECTIVE BARGAINING AGREEMENT

6. Plaintiff and Defendant Rite Aid have been parties to a series of collective bargaining agreements, the most recent of which was effective for the period October 11, 1998 through October 10, 2002 ("CBA").

7. The CBA has been extended, with certain modifications, by two (2) subsequent Memoranda of Agreement, the first effective for the period October 13, 2002 through October 14, 2006 ("2002 MOA") and the second effective for the period October 14, 2006 through October 14, 2010 ("2006 MOA").

8. The CBA, as modified by the 2002 MOA and 2006 MOA sets forth the terms and conditions of employment for covered employees.

9. Article 2 of the CBA provides that 1199 is the sole and exclusive representative of all professional and nonprofessional employees in the drug stores in the geographical area set forth in Article 1 ("Bargaining Unit").

10. The CBA sets forth the negotiated terms and conditions of employment in the Bargaining unit, including, *inter* alia, wages (Article 5), negotiated hours of work (Article 7), vacations and holidays (Articles 8 and 9, respectively), seniority protection (Article 12), and health insurance and pension benefits (Articles 26 and 27, respectively). These terms and conditions have been extended, with certain modifications, by the 2002 MOA and 2006 MOA.

11. CBA Article 1, Coverage, provides that

> This Agreement shall be binding upon the Union, the Employer and its successors and assigns, but shall apply only to those drug stores operated by said Employer, and to drug stores hereafter opened by Rite Aid Corporation (including, but not limited to those in which the Employer directly or indirectly acquires an interest of 50% or more in existing stores), in the City of New York, and the New York Counties of Nassau, Suffolk, Westchester, Orange, Putnam, Ulster, Dutchess, Sullivan, and Rockland, and the City of Albany, and the New Jersey Counties of Passaic, Bergen, Essex, Hudson, and Union and the Cities of Edison, Perth Amboy, Carteret and Woodbridge in Middlesex County, New Jersey, regardless of the name or whether the drug store is operated individually or as a partnership or corporation.
>
> \*   \*   \*
>
> The words "Employer" or Employers," as whenever used in this Agreement, and the pronouns, "he" and "his," used in connection therewith, are intended to apply to the Employer, Rite Aid Corporation, and to each drug store covered hereunder, whether operated by an individual, copartnership or corporation.

12. CBA Article 1 was not modified by the 2002 MOA or the 2006 MOA.

13. Article 31 of the CBA contains a broad grievance and arbitration procedure for the resolution of all disputes between 1199 and Defendant Rite Aid. It provides:

> All complaints or disputes arising between the Union and the Employer under or out of this Agreement, or any breach or threatened breach of this Agreement (herein referred to as a "grievance" shall be adjusted pursuant to the terms and conditions of this grievance and arbitration procedure.

14. Article 31's definition of "grievance" was not modified by the 2002 MOA or the 2006 MOA.

15. The arbitration provision of Article 31, as modified by the 2006 MOA, permits the Union to refer unsettled grievances to arbitration before an Arbitrator designated by the American Arbitration Association.

## THE NEUTRALITY AGREEMENT

16. On or about June 29, 1998, 1199 and Rite Aid entered into an Agreement regarding neutrality and union access to Rite Aid stores. The Agreement provided that representatives of 1199 would be permitted to meet with employees at Rite Aid's unorganized stores for the purpose of allowing 1199 to explain to employees the potential benefits of union representation. The representative of 1199 at such meetings would be permitted to solicit union authorization cards.

17. Rite Aid further agreed that it and its managers and supervisors would remain entirely neutral with respect to unionization and 1199 as the union seeking to represent its employees.

18. Finally the Agreement provided that if 1199 obtained authorization cards from a majority of employees in any of the non-union stores as verified by an arbitrator

agreed to by the parties, Rite Aid would recognize 1199 as the collective bargaining representative of those employees.

19. Upon information and belief the Neutrality Agreement is currently in full force and effect.

## THE UNDERLYING ARBITRABLE DISPUTE

20. Rite Aid and Coutu Inc. entered into a merger agreement pursuant to which Rite Aid acquired, in full, all Eckerd stores, including those stores within the geographical area set forth in Article 1 of the CBA ("Merger Agreement").

21. In or around April 2007, Rite Aid, in conjunction with the management of the to-be-acquired Eckerd and Brooks stores, launched a union avoidance campaign through which Rite Aid evidenced open hostility towards the Union and is discouraging employees at those stores from speaking with Union representatives, signing union authorization cards, communicating with their co-workers about the Union or otherwise demonstrating support for the Union ("Union Avoidance Campaign"). Rite Aid has also threatened reprisals against employees who support the Union. Defendant's Union Avoidance Campaign is currently ongoing.

22. On or about May 24, 2007, Defendant Rite Aid informed the Union that it intends to apply a "union-free business model" to the stores it acquires pursuant to the Merger Agreement.

23. On or about May 31, 2007 the Union filed a demand for arbitration seeking, *inter alia,* a declaratory ruling from an arbitrator that Defendant Rite Aid's stated intention to keep the acquired Eckerd stores "union free" is a violation of Article 1 of the CBA and a ruling that the Union Avoidance Campaign violates the implied

covenant of good faith and fair dealing in the CBA because it frustrates the Union's ability to enforce Article 1 as to those newly acquired stores.

24. On or about May 31, 2007, the Union sent a letter to Defendant Ride Aid enclosing a copy of its demand for arbitration and requesting that Rite Aid consent to expedited arbitration of this dispute.

25. To date, Rite Aid has not only not agreed to expedited arbitration, but has moved to stay any arbitration proceedings despite the fact that the disputes are subject to the broad grievance and arbitration clauses of the CBA.

## AS AND FOR A FIRST CAUSE OF ACTION

26. 1199 repeats and realleges each and every allegation contained in paragraphs numbered 1 though 25 hereof with the same force and effect as if again set froth herein at length.

27. The disputes between 1199 and Rite Aid are arbitrable under their Agreements.

28. Defendant Rite Aid's refusal to arbitrate the disputes is in violation of the CBA between the parties, and the Neutrality Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court (1) enter an order directing the Defendant to submit to arbitration the disputes between the parties involving Rite Aid's threatened refusal to apply the terms of the parties' CBA to drugstores acquired by Rite Aid and the Defendant's union avoidance campaign directed towards employees at those stores and (2) granting such other and further relief as this Court deems necessary and proper, including attorneys fees and costs and disbursements.

Dated: New York, New York
      July 10, 2007

Respectfully submitted,

*Allyson L. Belovin*
Allyson L. Belovin (AB 3702)
LEVY RATNER, P.C.
Attorneys for Plaintiff
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100 (phone)
(212) 627-8182 (fax)
abelovin@lrbpc.com

07 Civ. 4816

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

1199SEIU, UNITED HEALTHCARE WORKERS EAST,

                              Plaintiff,

-against-

RITE AID CORPORATION,

                              Defendant.

**FIRST AMENDED COMPLAINT**

**LEVY RATNER, P.C.**
*Attorneys for Plaintiff*
*80 Eighth Avenue, 8th Floor*
*New York, N.Y. 10011-5126*
*(212) 627-8100*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................, 20. . .*

*..................................................................Esq.*

*Attorney for ........................................................*